Francis X. Tucker, S.
The estate of Maeiej Saniuk was judicially settled by a decree dated June 24, 1940, at which time the shares of several of the distributees residing in Poland were deposited with the Ulster County Treasurer under section 269 of the Surrogate’s Court Act. On April 5,1961 these funds were transmitted by the Ulster County Treasurer to the Comptroller of the State of New York, where they remain on deposit. The total amount originally placed on deposit was $964.77.
The petitioners, Wolf, Popper, Ross, Wolf So Jones, Esqs., are attorneys in fact for the distributees of Maeiej Saniuk. All are adults and documentary evidence, notarized and authenticated, with verified translation, has been submitted by petitioners to substantiate the relationship. No issue has been raised in regard to any of these documents.
The distributees are now residents and apparently citizens of the Soviet Union. The documentary evidence and powers of attorney executed by the distributees in favor of the petitioners were authenticated by the United States Consul in Moscow.
Under section 269-a (formerly part of § 269) of the Surrogate’s Court Act the Surrogate has the authority and responsibility to withhold payment of estate funds payable to beneficiaries who would not have the benefit or use or control of the money or property due. The burden of establishing whether the beneficiary would receive the benefit, use or control of such money or property is upon such beneficiary or upon the person or persons claiming the property.
In Matter of Braier (305 N. Y. 148) the Court of Appeals approved of reliance upon United States Treasury Regulations and policy in arriving at a determination that an alien legatee would not have the benefit or use or control of money on deposit. The respondent in this proceeding apparently in reliance upon this decision has raised no issue as to the documentary evidence submitted by the petitioners. In the Braier case the Court of Appeals held the Treasury Department’s conclusions to be directly relevant to the Surrogate’s determination under section 269 (now § 269-a) of the Surrogate’s Court Act. However, I find nothing in the opinion to indicate that the court held this to be the exclusive consideration.
In view of the Legislature’s action in placing the authority and responsibility for this decision upon the Surrogate, it seems apparent that the Surrogate should, and in fact must, consider other equally relevant factors in reaching his determination.
Petitioners have submitted the following documents:
a. A letter dated September 18, 1962, addressed to Alfred F. Cavalari, attorney for the petitioners, from an assistant vice- *439 president of the American Express Company in New York City. The writer states that remittances to the Soviet Union are readily made through the Bank of Foreign Trade in Moscow, and that the experience of the company is that proof of payment in the nature of a receipt is obtained without difficulty.
b. A photostat of a letter dated May 7, 1962, addressed to a Mr. Richard L. Ritman of the Chicago law firm of Spitzer and Ritman, from the American Embassy in Moscow. The letter states that it is the Embassy’s understanding that in law and practice Soviet heirs may receive and dispose of inheritances they receive from abroad.
c. Three original letters, addressed to this court from all of the petitioning distributees, together with verified translations, done in New York City. In each letter the writer or writers indicate the use to which they intend to put their share of money. Each letter states the writer’s opinion that he will have “ great use and benefit of the money received and will use it personally at our discretion ’ ’. The writers offer to submit receipts executed in their own hand and other such proofs as this court may require.
It is significant to note that the State Department has never expressly indorsed the application of the Treasury Regulation which has been relied upon by other Surrogates. To the contrary, the State Department has repeatedly stated that the distribution of estates to heirs in communist countries is not restricted by Federal law.
The burden placed upon the distributees by the Legislature should not be extended to create an irrebuttable presumption. The evidence submitted in this proceeding indicates that the American Embassy in Moscow understands that Soviet heirs may receive and dispose of inheritances they receive from abroad. The American Express Company, a recognized international transmitter of funds, indicates that it can transmit the funds and obtain receipts for the same, and the individuals concerned have expressed a desire and need for the funds. This evidence is certainly entitled to as much consideration as a Treasury Department Regulation which unquestionably is subject to change from time to time, based upon the official policy of the United States Government in its dealings with the countries involved.
The Legislature of the State of New York by enacting section 269-a of the Surrogate’s Court Act has indicated the policy of this State to be based upon an inquiry into the individual benefit as distinguished from the official relationship of the countries involved. In arriving at this decision, the court has considered *440 the appropriate Treasury Regulation as relevant but not as the exclusive consideration. If it was intended to be, the Legislature could so state.
The Comptroller of the State of New York and/or the Ulster County Treasurer are directed to release the funds to be transmitted through the American Express Company, and the petitioners are to procure notarized receipts from the distributees, properly authenticated and translated to be filed with this court.