■ WILLIAM H. WILLIAMS, Respondent-Appellant, v. DORIS MENZ et al., Appellants-Respondents.— Appeals by defendants and cross appeals by plaintiff from an order of the County Court, Albany County, granting in part and denying in part plaintiff's motion for summary judgment. Shortly after his wife died in March of 1960 plaintiff caused a savings account he held in his own name in the First Trust Company of Albany to be transferred to the joint names of defendant Doris Menz, his daughter, and himself "payable to either or survivor". Thereafter in May, 1962 plaintiff demanded that defendants return the passbook which was allegedly entrusted to defendants' safekeeping. Instead of returning the book, however, the entire proceeds were removed from the account. In the instant proceeding plaintiff seeks to recover the proceeds of the account. The court below granted summary judgment in favor of plaintiff as to one half the account and denied it as to the other half. We believe this determination to be a correct one. The creation of a joint account in the form herein establishes a joint tenancy in the named depositors (Banking Law, § 239, subd. 3), and where the funds constituting the deposit were previously the property of one of the two, a rebuttable presumption arises that a gift of one half the deposit was made to the other (*Matter of Bricker* v. *Krimer*, 13 N Y 2d 22; *Marrow* v. *Moskowitz*, 255 N. Y. 219; *Moskowitz* v. *Marrow*, 251 N. Y. 380; *Russo* v. *Russo*, 17 A D 2d 129). Thus while plaintiff by virtue of his joint tenancy is clearly entitled to one half the proceeds, the resolution of whether he is entitled to the entire amount in the account must await a plenary trial. Order affirmed, with $10 costs to respondent cross appellant. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.