■ ALEX MATATHIAS, Assignee of Factors and Note Buyers Corp., Respondent, v. BEL-MAR LABORATORIES, INC., Appellant.— Judgment affirmed, with $50 costs and disbursements to the respondent. Concur — Breitel, J. P., Rabin, McNally and Steuer, JJ.; Eager, J. dissents and votes to reverse and deny summary judgment on the ground that the rate of discount was so high as to put plaintiff's assignor on notice that there were or were likely to be infirmities in checks available as possible defenses to drawer and that, under all the circumstances, there are issues of fact bearing upon the standing of plaintiff's assignor as a holder in due course of the post-dated checks.

■ In the Matter of the Estate of JOHN WAYAND, Deceased. KLARA WAYAND et al., Appellants; PUBLIC ADMINISTRATOR OF THE COUNTY OF BRONX, Respondent.— Order of Surrogate's Court, entered June 23, 1965, unanimously reversed, on the law and the facts, with $30 costs and disbursements payable out of the funds to the appellants, and application by Klara Wayand and Magdolna Matos for withdrawal of funds on deposit with Director of Finance of the City of New York to their credit, granted. The applicants, who are citizens and residents of Hungary, were the widow and daughter, and the distributees, of an intestate who died a resident of Bronx County on December 26, 1950. On judicial settlement of the accounts of the Public Administrator, the Surrogate ordered that the amounts of $2,392.22 and $4,274.40, representing their respective distributive shares, be paid to and deposited with the City Treasurer of the City of New York (now Director of Finance) on the ground that the said distributees were nationals and residents of Hungary and would not have the use, benefit or control of the money due them. A hearing was held on the present application for the withdrawal and payment to them of the funds on deposit. Upon the proceedings and evidence, it satisfactorily appears that, on payment to them in Hungary, the applicants will receive the benefit, use and control of the funds, and, thus, their application should have been granted. (Surrogate's Ct. Act, § 269-a; see, also, *Matter of Reidl*, 23 A D 2d 171; *Matter of Greenberg*, 24 A D 2d 435; *Matter of Saniuk*, 40 Misc 2d 437, affd. 21 A D 2d 922, mot. for lv. to app. den. 15 N Y 2d 482; *Matter of Siegler*, 25 A D 2d 805.) Settle order on notice to Public Administrator and to Director of Finance. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.