■ WILLIAM HOLSTEN, an Infant, by His Parent and Guardian, MARY HOLSTEN, et al., Appellants, v. THOMAS J. MALONEY, Respondent.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Queens County, dated August 19, 1971, which denied their motion for a general preference. Order reversed, with $10 costs and disbursements, and motion granted. In our opinion, from the facts adduced, it would appear that a general preference is warranted. Rabin, P. J., Hopkins, Munder and Latham, JJ., concur; Shapiro, J., not voting.

■ In the Matter of the Estate of REXHEP HAJRIDIN, Also Known as REXHEP H. KUCHI, Deceased. LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Appellant; WOLF, POPPER, ROSS, WOLF & JONES et al., Respondents.— In this proceeding (1) to declare that petitioners are entitled to certain moneys on deposit for the benefit of the unknown distributees of the decedent and (2) to direct payment of the moneys to petitioners, the Attorney-General of the State of New York appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Kings County, dated June 16, 1971, as granted the application. Order affirmed insofar as appealed from, without costs. In our opinion the Surrogate was justified in finding that petitioners, Albanian residents who are the distributees of this estate, would receive the benefits of their distributive shares; accordingly, their shares should be paid over to them as directed in the order under review. (See *Zschernig* v. *Miller,* 389 U. S. 429; *Goldstein* v. *Cox,* 396 U. S. 471; *Matter of Leikind,* 22 N Y 2d 346, app. dsmd. *sub nom. Laikind* v. *Attorney General of New York,* 397 U. S. 148; *Bjarsch* v. *Di Falco,* 314 F. Supp. 127; *Matter of Saniuk,* 21 A D 2d 922; *Matter of Danilchenko,* 37 A D 2d 587, affd. 30 N Y 2d 504; *Matter of Litos,* N. Y. L. J., Dec. 14, 1970, p. 18, col. 7; and 22 Syracuse L. Rev., 282–289, regarding the constitutionality and construction of SCPA 2218 in connection with the payment of legacies and distributive shares of New York estates to residents of foreign countries.) Martuscello, Acting P. J., Shapiro, Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the order insofar as appealed from and to deny the application, with the following memorandum: The learned Surrogate directed the payment of the net estate to distributees who are nationals and residents of Albania. He based this direction on his finding that they had established that they would have the use, benefit and control of the moneys. I think this determination was erroneous. Circular 655 of the United States Treasury Department lists the countries to whose nationals the transmission of United States funds is restricted. Albania is one of the countries so listed. This fact raised a rebuttable presumption that these Albanian distributees would not receive the benefit of their inheritances (cf. *Matter of Saniuk,* 21 A D 2d 922, affg. 40 Misc 2d 437; *Bjarsch* v. *Di Falco,* 314 F. Supp. 127, 136). The proof in this case did not overcome that presumption. Consequently, the application for payment to these distributees should have been denied.