■ JUDITH C. SCHWARTZ, Respondent, v HAROLD M. SCHWARTZ, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Westchester County, entered December 5, 1975, after a nonjury trial, as (1) made awards of (a) alimony, (b) child support and (c) counsel fees, (2) directed him to make certain other payments and (3) ordered him to pay to plaintiff the amount of $2,993.50, representing one half of the funds withdrawn by him from the parties' joint bank account. Judgment affirmed insofar as appealed from, without costs or disbursements. The fixing of alimony and counsel fees is discretionary with the trial court upon its balancing of the various aspects of the marital relation, viz., the financial status of the parties, their health and age and the duration of the marriage (see *Hessen v Hessen,* 33 NY2d 406; *Von Schondorf v Von Schondorf,* 51 AD2d 1029). Within that framework, we do not find that the amounts of the awards of permanent alimony and counsel fees in this case constituted an abuse of discretion (see *Press v Press,* 49 AD2d 603; *Ross v Ross,* 47 AD2d 866). As to that part of the judgment which ordered the defendant to return to plaintiff one half of the funds withdrawn from the joint bank account, we agree with him that Special Term should have made specific findings of fact with regard thereto (see CPLR 4213; *Alleyne v Alleyne,* 46 AD2d 785). However, the trial court's omission in this regard does not constitute a fatal defect in the judgment requiring reversal; the record is sufficiently complete to allow us to make a finding with regard to the funds withdrawn from the joint account (see *Keklak v Keklak,* 49 AD2d 926; *Matter of Romeo v Romeo,* 40 AD2d 685). On this record, we find that the defendant has not rebutted the presumption of a gift to plaintiff of one half the funds deposited by him in the joint account (see *Silbert v Silbert,* 22 AD2d 893, affd 16 NY2d 564; *Williams v Menz,* 20 AD2d 749; cf. *Cinquemani v Cinquemani,* 42 AD2d 851). Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.