■ BENJAMIN FRANK, Appellant, v NINA FRANK, Respondent. — In a matrimonial action, the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered March 24, 1981, as granted the defendant wife's motion pursuant to CPLR 3016 (subd [c]), to dismiss the complaint. The appeal brings up for review so much of a further order of the same court, dated April 17, 1981, as, upon granting plaintiff's motion for reargument, adhered to the original determination, except that plaintiff was granted leave to replead. Appeal from the order entered March 24, 1981 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated April 17, 1981 modified by adding thereto, after the provision adhering to the original determination, the following: "except that plaintiff's second cause of action is reinstated." As so modified, order affirmed insofar as reviewed, without costs or disbursements. Plaintiff's time to replead is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Plaintiff's second cause of action sufficiently pleaded constructive abandonment and should not have been dismissed. The first cause of action, for a divorce or separation on the ground of cruel and inhuman treatment, was insufficient and vague in light of the specific pleading requirement of CPLR 3016 (subd [c]). However, as Special Term recognized upon reargument, this cause of action should not have been dismissed without leave to replead (see Pustilnik v Pustilnik, 24 AD2d 868). Titone, J.P., Rabin, Margett and Weinstein, JJ., concur.

■ THOMAS HENDERSON, Respondent, v NEW YORK TELEPHONE COMPANY et al., Defendants, and STANLEY ROSS et al., Appellants. — In an action to recover damages for personal injuries, defendants Ross, Stanto and Karlan appeal from an order of the Supreme Court, Queens County (Zelman, J.), entered August 1, 1980, which denied their motion to dismiss the action for failure to serve a complaint and granted plaintiff's cross motion to extend his time to serve a complaint. Order reversed, on the law, with $50 costs and disbursements, appellants' motion granted, cross motion denied, and action dismissed as against appellants. Plaintiff has failed to satisfy his burden of showing that the delay in service of the complaint is excusable and that his claim is meritorious (see Barash v Micucci, 49 NY2d 594). Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.