■ GIOVANNA P. INFOSINO, Respondent, v ALFRED M. INFOSINO, Appellant. — In a matrimonial action, defendant husband

appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Queens County (La Fauci, J.), dated February 21, 1984, which, *inter alia,* (1) granted plaintiff wife a divorce on the ground of constructive abandonment and dismissed defendant's counterclaim for divorce; (2) made awards to plaintiff of alimony, child support, counsel fees and arrears of support; (3) deferred decision on further visitation rights of defendant with the parties' children upon a future application to the Family Court; and (4) directed defendant to make certain other payments to plaintiff, after a nonjury trial.

Judgment affirmed, insofar as appealed from, with costs.

Special Term's determination that defendant constructively abandoned plaintiff rather than that plaintiff constructively abandoned defendant hinged on the credibility of the parties. The findings of the Trial Judge, who heard all of the testimony, are entitled to great weight (*see, Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Thorne,* 108 AD2d 865; *Matter of Anonymous,* 81 AD2d 865, 866). We find no reason to disturb this finding.

This action was commenced prior to the enactment of the Equitable Distribution Law (Domestic Relations Law § 236 [B]). In such a case, the fixing of alimony and counsel fees is discretionary with the trial court upon its balancing of the various aspects of the marital relationship, viz., the financial status of the parties, their health and age, and the duration of the marriage (*see, Hessen v Hessen,* 33 NY2d 406; *Schwartz v Schwartz,* 52 AD2d 874; *Von Schondorf v Von Schondorf,* 51 AD2d 1029). Using this framework, we do not find that the amounts of the awards of permanent alimony and counsel fees in this case constituted an abuse of discretion.

We have considered defendant's other contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.