■ PLACIDO RASO, Appellant, v GLADYS RASO, Respondent.— In an action for a divorce and ancillary relief, the plaintiff husband appeals from a judgment of the Supreme Court, Nassau County (Cohen, J.), entered March 21, 1985, which (1) dismissed his complaint for a divorce, (2) awarded the defendant wife maintenance in the amount of $125 per week retroactive to February 9, 1981, and (3) ordered him to pay counsel fees for the defendant in the amount of $1,500.

Ordered that the judgment is affirmed, without costs or disbursements.

The trial court's determination that the plaintiff had failed to prove entitlement to a divorce on the ground of abandonment or constructive abandonment was based primarily upon its evaluation of the credibility of the respective parties and we see no reason to disturb that evaluation on appeal (see, Schine v Schine, 31 NY2d 113, rearg denied 31 NY2d 805; Casale v Casale, 111 AD2d 737, lv denied 66 NY2d 603; Infosino v Infosino, 109 AD2d 869). We also find no abuse of discretion in the trial court's awards of maintenance (see, Domestic Relations Law § 236 [B] [6]; Evangelista v Evangelista, 111 AD2d 904) and counsel fees (see, Domestic Relations Law § 237; Borakove v Borakove, 116 AD2d 683).

The plaintiff's arguments addressed to the alleged comments of the trial court at a Bench conference are dependent upon facts outside of the record and therefore cannot be considered by this court on appeal (see, Matter of Taylor v Board of Elections, 122 AD2d 910; Allstate Ins. Co. v Hertz Corp., 119 AD2d 612). Similarly, the alleged stipulation which the plaintiff contends was disregarded by the trial court was not in a signed writing or made in open court and thus does not afford a basis for reversal (see, CPLR 2104; Matter of Dolgin Eldert Corp., 31 NY2d 1).

We have considered the plaintiff's remaining arguments, including those made in his *pro se* supplemental brief, and have concluded that they are lacking in merit. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.