OPINION OF THE COURT
William Rigler, J.
The present matter having come before the court on September 21, 1987 and the parties having submitted papers the court now reaches the following determinations:
As a preliminary matter, defendant makes an assertion in her responsive papers (though she does not make a motion to dismiss) that service of the summons and complaint upon her in New Jersey was improper. Specifically, she alleges that she was never asked whether or not she was in military service and in fact the process server never spoke to her. The court is at a loss as to why these "errors” negate service, especially since defendant admits that she received actual service of the pleadings. Even if there was a technical defect in complying with Domestic Relations Law § 232, such defect was cured by defendant’s admission of service (see, Olmo v Olmo, 102 AD2d 864 [2d Dept 1984]).
Turning to the issue of whether or not this court should exercise jurisdiction over this matrimonial matter in whole or in part, there is no dispute that plaintiff commenced his action for divorce in this court prior to defendant commencing her action for divorce in New Jersey. Therefore, this court is *420 empowered to restrain defendant from prosecuting her subsequent New Jersey action (see, Garvin v Garvin, 302 NY 96 [1951]; Birnkrant v Birnkrant, 77 Misc 2d 353 [Sup Ct, Kings County 1974]).
This court grants plaintiff's motion to so restrain defendant and her agents from pursuing the parallel proceedings in New Jersey. In doing so, the court is mindful that: (1) the New Jersey action reads word for word as does defendant’s counterclaim in the New York action (thus defendant feels that the claims are viable in either State) and (2) the New Jersey complaint was served at the same time as her answer to the New York complaint of which the time limit to serve an answer had been voluntarily extended by plaintiff to allow defendant to get a lawyer. Plaintiff should not now be penalized for his courtesy.
However, the continuation of the divorce proceeding does not necessarily mean that this court has the jurisdiction in the first place or will retain jurisdiction to hear and determine the issue of custody of the infant issue of the marriage (see, Domestic Relations Law § 75-h [6]). The issue of this court’s jurisdiction to hear or retain jurisdiction to hear the custody aspects of this matter involves many factors. Such a determination must be made within the dictates of the Uniform Child Custody Jurisdiction Act or UCCJA. "The UCCJA, codified in Domestic Relations Law article 5-A, establishes the predicates for both subject matter and in personam jurisdiction in custody disputes (Domestic Relations Law § 75-d; Gomez v Gomez, 86 AD2d 594, 595, affd 56 NY2d 746).” (Mayoff v Robin, 115 AD2d 524, 526 [2d Dept 1985].)
Clearly, under the UCCJA the home State of the child, Shane, is New Jersey. He has lived there for over six months (Domestic Relations Law § 75-c [5]). Thus, under the UCCJA as codified in New York, New Jersey could exercise jurisdiction over this matter (Domestic Relations Law § 75-d [1] [a]). However, plaintiff asserts that this court should exercise jurisdiction over this matter pursuant to one of the other jurisdiction provisions of the UCCJA, specifically, Domestic Relations Law § 75-d (1) (b). That section provides that the courts of this State may exercise jurisdiction over a child custody matter when "(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning *421 the child’s present or future care, protection, training, and personal relationships”.
Plaintiff asserts that the best interest of Shane warrants this State and court assuming jurisdiction. Specifically, he notes that he, Shane, and in fact defendant herself, have significant connections with this State. In addition, he claims there is within the jurisdiction of this court substantial evidence concerning the child’s present or future care, protection, training and personal relationships. Thus, plaintiff argues this court has jurisdiction over the custody aspect of this matrimonial proceeding.
The court agrees with plaintiff’s assertion. It is unrefuted that (1) the plaintiff resides and works in New York City, (2) defendant works in New York City, (3) Shane spends 3Vi days per week with plaintiff in New York, (4) the child was born in New York City, (5) Shane’s pediatrician since birth has his office in New York City, (6) the child has been receiving various psychological testing and counseling services in New York City, (7) he attends church services in Manhattan and (8) went to day camp in a facility run by the Children’s Aid Society in Manhattan. Probably of utmost importance, Shane has always attended day care, preschool and elementary school in New York City and is presently enrolled in the Walden School in Manhattan. Thus, even though Shane hangs his hat in New Jersey several nights a week, he along with his parents have significant connections with New York State and New York City in particular. Therefore, the first requirement of Domestic Relations Law § 75-d (1) (b) "significant connection^]” with this State has been met. However, "in determining whether there exists within the court’s jurisdiction 'substantial evidence’ of 'the child’s present or future care, protection, training, and personal relationships’ (Domestic Relations Law § 75-d [1] [b] [ii]), a particularly relevant factor 'is whether the forum in which the litigation is to proceed has "optimum access to relevant evidence” ’ (Vanneck v Vanneck, supra, at p 610). Thus, maximum contacts with the State are required (Vanneck v Vanneck, supra, at p 610).” (Mayoff v Robin, supra, at 526.) Clearly, the necessary and substantial evidence required to make the custody determination as prescribed in Domestic Relations Law § 75-d (1) (b) (ii) (i.e., information on the present and future care, protection, training, and personal relationships of the child) lies within the geographical jurisdiction of this court. Therefore, this court will exercise jurisdiction over this matter.
*422 Prior to making the determination on jurisdiction and pursuant to Domestic Relations Law § 75-g this court contacted the New Jersey court before which defendant’s parallel action was commenced. During these discussions it was resolved that given the priority of the New York action over the New Jersey action, the significant contacts that the child and parents have with New York, and the availability of evidence concerning the issues of the care of the child, it was in the best interest of the infant issue that the divorce and child custody issues be tried jointly before this court.
In addition, in making this determination, the court has considered that Shane has friends in New Jersey and that defendant has made some contributions to the Hoboken community. However, it is clear that the overwhelming number of connections and the substantial evidence necessary to resolve this matter are in New York City.
Furthermore, though there was a previous order of protection issued by the Hudson County Juvenile and Domestic Relations Court which contained a temporary order of custody and visitation entered on consent, this does not preclude this court from issuing a final order or judgment of custody. Such a final order or judgment would not be as asserted by defendant, a modification of a sister State court order as proscribed in Domestic Relations Law § 75-o. Rather, it would be a completely different order since it would address final custody and visitation not pendente lite custody and visitation.
Finally, the court has reviewed defendant’s other contentions and find them to be without merit. Thus, plaintiff’s motion is granted insofar as it seeks to have the divorce and custody matter litigated in this court and stay defendant and her attorney from litigating the matter in the New Jersey courts.
Now that it has been determined that this court will exercise jurisdiction over this case, the court must address the balance of plaintiff’s motion. Plaintiff correctly asserts that defendant’s second counterclaim suffers from lack of specificity. Pursuant to CPLR 3016 (c), in an action for divorce, the pleadings must be specific as to time and place for any alleged misconduct. In the present matter, defendant’s counterclaim contains some 63 different allegations of misconduct on the part of the plaintiff. Most of these contain statements such as "Fall of 1986” or "From 1985 through 1986” or "Since January of 1985 until present”. These open-ended claims are not *423 sufficiently specific to meet the dictates of CPLR 3016 (c). Therefore, the second counterclaim is dismissed with leave to replead within 20 days (see, Kapchan v Kapchan, 93 AD2d 880 [2d Dept 1983]; Stevens v Stevens, 92 AD2d 568 [2d Dept 1983]; Frank v Frank, 82 AD2d 908 [2d Dept 1981]).
Furthermore, the defendant is advised that pursuant to Domestic Relations Law § 210 the Statute of Limitations for any actions constituting cruel and inhuman treatment as a basis for a divorce claim is five years. Therefore, those parts of the counterclaim which refer to actions allegedly occurring over five years ago are dismissed. All other aspects of plaintiffs motion are denied.