■ JENNIE PAGAN, Respondent, v JOSEPH PAGAN, Appellant. —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Owen, J.), dated September 26, 1986, as awarded the plaintiff wife 80% of the proceeds of the prospective sale of the marital residence, $150 per week in maintenance for seven years, $75 per week child support, attorney's fees of $3,000, and $14,260 in arrears of temporary maintenance and child support.

Ordered that the order and judgment is modified, on the facts and in the exercise of discretion, by (1) reducing the award of maintenance from $150 per week to $100 per week, and (2) deleting the provision thereof awarding the plaintiff $14,260 in arrears of temporary maintenance and child support; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a recomputation of arrears of temporary maintenance and child support.

Marital fault is not a relevant consideration in the equitable distribution of property unless the conduct is so egregious as to shock the conscience, and, even then, fault is only 1 factor among 10 to be considered pursuant to Domestic Relations Law § 236 (B) (O'Brien v O'Brien, 66 NY2d 576, 589; Blickstein v Blickstein, 99 AD2d 287, 292-293). The finding of the Supreme Court that the plaintiff's discharge of a firearm which injured the defendant was unintentional and accidental is supported by the record. Therefore, the court properly rejected a consideration of marital fault in its equitable distribution determination.

Further, the marital home was marital property (see, Kobylack v Kobylack, 111 AD2d 221) and the factors cited by the trial court warranted the 80%-20% distribution of the proceeds from the prospective sale of the marital residence. The plaintiff's age of 42, her lack of education, her inability to achieve financial independence beyond a subsistence level, the defendant husband's acceptance of her criminal activities and the husband's present and future employability, are all factors, among others, which support the 80%-20% distribution (see, Basile v Basile, 122 AD2d 759; Lobotsky v Lobotsky, 122 AD2d 253).

As to the maintenance award, in light of the conceded substantial reduction in the income of the defendant husband prior to the trial and based upon our examination of the parties' relative needs, resources and earning capacities, we find that the maintenance award should be reduced from $150 to $100 per week *(see, e.g., Rubin v Rubin,* 105 AD2d 736; *Lentz v Lentz,* 103 AD2d 822; *Colabella v Colabella,* 86 AD2d 643).

With respect to arrears, the record reveals that the plaintiff's claim about the amounts due have been inconsistent; and the defendant has apparently made a total of $4,280 in payments, some of which may not have been deducted from the award. In addition, the defendant was unemployed from November 1985 to June 1986. A recomputation and reconsideration of the amount of arrears is therefore appropriate.

Finally, we find no impropriety in the award of counsel fees *(see, Remetich v Schoenberg,* 100 AD2d 581; *cf., Ackerman v Ackerman,* 96 AD2d 543). Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.