■ HAROLD SCHOTTENFELD, Appellant, v ELAINE SCHOTTENFELD, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), dated May 25, 1988, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

In order to obtain a divorce on the ground of constructive abandonment, the plaintiff husband attempted to prove that the defendant wife had, for more than a year, refused to engage in normal sexual relations with him, without justification. A review of the record reveals that the plaintiff succeeded in establishing a prima facie case based on this theory (see, Domestic Relations Law § 170 [2]; Caprise v Caprise, 143 AD2d 968; Gunn v Gunn, 143 AD2d 393, 395). However, the defendant wife adduced evidence which tended to prove that it was not she who was responsible for the suspension of the parties' sexual activity, but that it was instead the plaintiff husband who had persistently resisted her efforts to induce the resumption of normal marital intimacy. Resolution of this case thus required the trier of fact to assess the relative credibility of the principal witnesses. We are reluctant to substitute our judgment as to credibility for that of the trial court, which, having observed the witnesses as they testified, was in a far better position to make such an assessment. Considering that the plaintiff bore the burden of proof, we cannot say that the decision of the trial court was against the weight of the evidence.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.