■ ANTHONY CASO, Respondent, v MAUREEN CASO, Appellant. —In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Queens County (Leahy, J.), dated July 5, 1988, which granted the plaintiff husband's motion to confirm the report of a Judicial Hearing Officer granting him a divorce on the ground of constructive abandonment, and denied her cross motion to disaffirm the report.

Ordered that the order is affirmed, with costs.

At the hearing, the plaintiff's testimony made out a prima facie case of constructive abandonment, but was directly contradicted by the defendant's testimony. When the determination of constructive abandonment is premised upon an evaluation of the credibility of the respective parties, the findings of the Judicial Hearing Officer, who heard and observed the witnesses, should be accorded great weight (see, Raso v Raso, 129 AD2d 692; Infosino v Infosino, 109 AD2d 869).

The defendant also contends that she was prejudiced by the admission of matters outside the pleadings into evidence. Particularly, although the plaintiff's complaint attested to a refusal to engage in marital relations since June 1983, the Hearing Officer permitted testimony concerning the couple's marital relationship before that time, going as far back as 1980. We find this argument to be without merit. The pleadings served their purpose of placing the defendant on notice as to the character of the testimony she could have reasonably expected (see, Murray v City of New York, 43 NY2d 400). Thompson, J. P., Lawrence and Kunzeman, JJ., concur.

Harwood, J., dissents and votes to reverse the order appealed from, deny the motion, grant the cross motion, and dismiss the complaint, with the following memorandum: The

brief trial on the issue of whether the plaintiff established grounds for divorce consisted of the testimony of the plaintiff and the entirely contradictory testimony of the defendant. Apart from the pure question of credibility which this case presents, I cannot agree with the majority that the plaintiff otherwise established his entitlement to dissolution of the marriage on the ground of constructive abandonment *(see,* Domestic Relations Law § 170 [2]; *Diemer v Diemer,* 8 NY2d 206), the only ground advanced at trial.

When asked if he and the defendant had sexual relations after the 1980 birth of their son, the plaintiff's answer was no more definitive than "[n]ot that I can recall". Moreover, although he arguably alluded to requests for intimacy, he specifically referred to only one occasion, which he claimed occurred in 1983, when he attempted to approach the defendant for the purpose of having sexual relations. This testimony is too vague and equivocal to sustain a finding of constructive abandonment, not only on the issue of when sexual relations ceased but also on the issue of when or whether the plaintiff made the necessary repeated requests for resumption of marital relations *(see, Caprise v Caprise,* 143 AD2d 968, 970). I therefore dissent and vote to reverse the order appealed from.