■ JOANN KELLERMAN, Respondent, v KENNETH KELLERMAN, Appellant.—Mahoney, J. Appeal from a judgment of the Supreme Court (Fitzer, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered July 10, 1991 in Ulster County, upon a decision of the court.

In this matrimonial action, defendant challenges the sufficiency of evidence supporting Supreme Court's judgment of divorce and certain aspects of the equitable distribution

award. The record reveals that the parties married in 1984. Following a series of separations which began in 1986, plaintiff ultimately commenced the instant action for divorce on the ground of cruel and inhuman treatment. Defendant interposed an answer generally denying the allegations. The matter then proceeded to trial. Thereat the evidence submitted regarding defendant's acts of cruel and inhuman treatment consisted solely of plaintiff's reaffirmation of the truth of the 27 allegations of cruel and inhuman treatment detailed in the complaint. At this point, defendant moved to withdraw his answer, which motion was granted by Supreme Court. A judgment of divorce ultimately was entered. Regarding distribution of the parties' marital property, the court concluded that defendant's conduct rose to the level of egregiousness and, as a result, considered his misconduct in making its equitable distribution award. The court found that defendant's fault precluded him from sharing in "the appreciation in value, if any" of plaintiff's residence which she had purchased prior to the marriage. Defendant appeals.

Initially, we note that the evidence submitted was adequate to support Supreme Court's entry of a judgment of divorce on the ground of cruel and inhuman treatment. It is axiomatic that the presence of competent oral or written proof, of a kind that is sufficient to support a motion for summary judgment, is a necessary prerequisite to the entry of a divorce judgment in situations such as this involving an uncontested action (see, Domestic Relations Law § 211). Here, although plaintiff did not expressly testify to each of the 27 allegations of cruel and inhuman treatment set forth in the complaint, her review of the document while on the stand and testimony as to the truth of each of the allegations contained therein, which allegations included the dates and times of several specific instances when defendant physically assaulted plaintiff and verbally abused and threatened her, combined with her testimony as to the brevity of this marriage, constitutes sufficient evidence of defendant's cruel and inhuman treatment to satisfy this standard and to warrant granting a divorce on this ground.

On the issue of equitable distribution, however, we disagree with Supreme Court's conclusion that defendant's marital misconduct rose to such a level of egregiousness as to warrant a consideration of his fault in apportioning the marital property (see, e.g., O'Brien v O'Brien, 66 NY2d 576, 589-590). Defendant's conduct, which consisted predominantly of verbal harassment, threats and several acts of minor domestic vio-

lence, is in our view not so outrageous or extreme as to shock the conscience of the court and to justify his divestiture of certain of the parties' marital property *(see, e.g., Stevens v Stevens,* 107 AD2d 987, 988-989; *Blickstein v Blickstein,* 99 AD2d 287, 292). While plaintiff essentially contends that any error in this regard was harmless, inasmuch as defendant's misconduct was only considered on the issue of his entitlement to a portion of the amount plaintiff's home appreciated in value during the marriage and he is not entitled to a share of that asset in any event, in our view it is not possible to make that determination on the record before us. Because of its conclusion that defendant was barred from sharing in this asset due to his misconduct, Supreme Court never passed on the issue of whether there was in fact any appreciation and, if so, whether and to what extent it was attributable to defendant's labor and/or monetary contributions. In light of the conflicting evidence on this issue submitted by the parties at trial, which presents a credibility question more appropriate to resolution by the nisi prius court, the matter is more properly remitted to Supreme Court to render a decision on this subject.

We have reviewed defendant's remaining contentions and, in the main, find them to be without merit. Whether plaintiff promised to convey to defendant a one-half interest in her residence in consideration of his alleged transfer to her of $20,000 (thus warranting the imposition of a constructive trust on the residence in defendant's favor) presented a credibility question which Supreme Court resolved in plaintiff's favor. Upon a review of the record it cannot be said that Supreme Court's conclusion in this regard was error. With respect to the personal property distribution, we see no abuse of discretion; however, inasmuch as plaintiff admitted at trial that defendant's parents are the owners of a particular bassinet and rocking horse which they provided for the use of the parties' child, upon remittal the judgment should be modified to provide defendant with these two items in the event that they have not already been turned over.

Mikoll, J. P., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as found defendant to be guilty of egregious marital misconduct and, as such, denied him any share in the appreciation in value of plaintiff's home resulting from his contributions; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.