■ WILLIAM D. KREMLER, Appellant, v EILEEN M. KREMLER, Respondent. [605 NYS2d 550] —Mahoney, J. Appeal from an order of the Supreme Court (Best, J.), entered July 16, 1992 in Fulton County, which, *inter alia,* granted defendant's motion to modify plaintiff's child support obligations.

Pursuant to a separation agreement which was incorporated but not merged into the parties' December 1991 divorce judgment, defendant assumed custody of their three minor children. Plaintiff agreed to pay defendant $424 biweekly in child support (hereinafter the support obligation) and 62% of the weekly costs for the children's day care, here, $62 (hereinafter the day care obligation). Under the agreement, both the support obligation and percentage of the day care obligation attributable to the parties were stated to be in compliance with the formula set forth in the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) and provision was made for annual reassessment of these figures. Under the reassessment provisions, the parties were to exchange W-2 forms no later than February of each year "to attempt to reasonably determine the obligation of the parties and the percentage of responsibility with regard to day care expenses and other expenses under the Child Support Standards Act". Upon failure to agree, the matter was to be submitted to "the appropriate court" and the Child Support Standards Act was to apply.

Two months later, in February 1992, the parties exchanged their 1991 W-2 statements. Believing that application of the Child Support Standards Act to plaintiff's gross wages of $47,426.88 resulted in a biweekly support obligation of $488.52, $64.52 greater than the original $424 biweekly figure, and the parties being unable to agree upon a figure under the procedures outlined in the separation agreement, defendant sought judicial intervention; namely to increase the support obligation to $488.52 and for an award of counsel fees. Plaintiff opposed and cross-moved to compel defendant's compliance with other obligations under the agreement. Supreme Court

granted defendant's motion, directed that the support obligation be increased as requested retroactive to January 1, 1992 and awarded her $900 in counsel fees. In addition, the court also partially granted plaintiff's cross motion. Plaintiff appeals.

The crux of plaintiff's arguments on appeal is that Supreme Court abused its discretion in calculating his 1992 support obligation by failing to consider an $8,600 lump-sum distributive award which he paid over to defendant. We disagree. While distributive awards are not included specifically in the Domestic Relations Law § 240 (1-b) (b) (5) list of items to be included in income, they appear to fall, if at all, within the Domestic Relations Law § 240 (1-b) (e) category of nonrecurring payments. Under that section, Supreme Court may choose to allocate a portion of the nonrecurring payment to child support but is under no affirmative obligation to do so. Here, Supreme Court chose not to factor in the award. Based upon our review of the record, namely, the relatively small dollar amount of the award, the fact that its stated purpose was to equalize the marital property distribution and the further fact that in their separation agreement the parties did not contemplate using the distributive award as a factor in the computation of child support, we perceive no abuse of discretion in Supreme Court's conclusion. Additionally, it being evident from a reading of the separation agreement that the parties contemplated annual review of the child support award encompassing the period January 1 to December 31, we see no error in Supreme Court's decision making the award retroactive to January 1, 1992.

Finally, even assuming, arguendo, that counsel fees are recoverable in situations such as this where the relief sought essentially is the arbitration of a dispute arising under a separation agreement and the enforcement of its terms and the agreement itself makes no provision for recovery of fees (see, Domestic Relations Law § 237; see generally, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C237:2, at 505-506), in our view such an award is not warranted here. While numerous factors are relevant in considering the appropriateness of counsel fees in a given case, paramount among them is financial need (see, e.g., Gallina v Gallina, 162 AD2d 219, 223; Sementilli v Sementilli, 102 AD2d 78, 91). Here, defendant's sole proof of financial need is a passing reference to old net worth statements that she claims were submitted to Supreme Court in connection with the prior divorce. She alleges no particulars

and the documents themselves were not contained in the motion papers. In our view, such "evidence" is insufficient to establish financial need, especially in light of the uncontroverted evidence that defendant earns approximately $30,000 annually and recently had received an $8,600 distributive award (see, Sementilli v Sementilli, supra; see also, Rubin v Rubin, 119 AD2d 152, 156, affd 69 NY2d 702). In this regard it is also not without significance that judicial intervention was made necessary not only by plaintiff's apparent uncooperativeness, but by defendant's actions as well in failing to uphold certain of her obligations under the separation agreement (cf., Simons v Simons, 139 AD2d 959; Davis v Davis, 128 AD2d 470; Ardito v Ardito, 97 AD2d 830).

Weiss, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded defendant $900 in counsel fees, and, as so modified, affirmed.