■ MARGARET COLLURA, Respondent, v ANNETTE PUGLISI et al., Appellants. [612 NYS2d 202] —In an action for divorce and ancillary relief, the personal representatives of the defendant husband appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Klein, J.H.O.), dated January 9, 1991, which, after a nonjury trial, inter alia, divided marital assets on a 70%-30% basis, with the plaintiff wife receiving 70%.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting from the third decretal paragraph the terms "70%" and "30%" and substituting therefor the terms "50%" and "50%"; (2) by deleting from the fourth decretal paragraph the subparagraph designated as subparagraph (b); (3) by adding to the fifth decretal paragraph an additional subparagraph stating: "(e) I.D.S. High Yield Fund, Account No. 0011526267999002"; (4) by adding to the seventh decretal paragraph, subparagraph (a), the words "50% to the defendant and 50%" preceding the words "to the plaintiff", and (5) by deleting from the seventh decretal paragraph, subparagraph (c) the words "$424.90 per month to the plaintiff; and

$182.10 per month to the defendant" and substituting therefor the words "50% to the plaintiff and 50% to the defendant"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for entry of an appropriate amended judgment and further proceedings consistent herewith.

Much of the evidence adduced by the plaintiff wife, which tended to depict the defendant husband as an alcoholic, a gambler, and a libertine, is unsubstantiated and incredible. More fundamentally, even assuming that the defendant husband was guilty of the dissolute behavior attributed to him by the plaintiff wife, the evidence was insufficient to warrant the conclusion that the parties' marital assets were in fact dissipated as a result of the defendant's gambling, or as a result of his other alleged escapades. Under these circumstances, the husband's fault should not have been considered as a factor affecting the distribution of marital property *(see, e.g., O'Brien v O'Brien,* 66 NY2d 576, 589-590; *Kellerman v Kellerman,* 187 AD2d 906; *Patricia B. v Steven B.,* 186 AD2d 609 [Miller, J., dissenting in part]; *Weilert v Weilert,* 167 AD2d 463; *Pagan v Pagan,* 138 AD2d 685; *Stevens v Stevens,* 107 AD2d 987; *Blickstein v Blickstein,* 99 AD2d 287; *cf., Wilner v Wilner,* 192 AD2d 524; *Brancoveanu v Brancoveanu,* 145 AD2d 395).

The Supreme Court properly distributed the parties' household interests in furnishings, motor vehicles and other personal property.

We modify the judgment in order to reallocate the distribution of the proceeds from the sale of the marital home on a 50%-50% basis instead of on the 30%-70% basis fixed by the Supreme Court. In order to further equalize the award, within the limits of practicality, we also modify the judgment so as to award the funds contained in a certain account (I.D.S. High Yield Fund, Account No. 0011526267999002) to the defendant husband rather than to the plaintiff wife and to adjust the payments that the parties are to receive from two mortgages. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.