■ JAMES G. CARAVELLO, Respondent, v AGNES C. CARAVELLO, Appellant. [627 NYS2d 561] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), entered July 15, 1993, as, after a hearing, granted the plaintiff husband a divorce on the ground of constructive abandonment and distributed the marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that it had jurisdiction over this action, which was commenced one year prior to the commencement of the defendant's Oregon divorce action (see, Garvin v Garvin, 302 NY 96; Pavlo v Pavlo, 137 Misc 2d 418, 419). Moreover, after the commencement of the Oregon action, the defendant executed a stipulation dated November 30, 1992 which permitted the Judicial Hearing Officer to hear and determine all issues, and also expressly asked the court to expedite a hearing in the New York action.

The proof was legally sufficient to grant a divorce on the ground of constructive abandonment (see, Domestic Relations Law § 170 [2]; Diemer v Diemer, 8 NY2d 206, 210; Pascarella v Pascarella, 210 AD2d 915; Lyons v Lyons, 187 AD2d 415). To the extent that the determination was based upon an evaluation of the credibility of the parties, we see no reason to disturb that evaluation on appeal (see, Kalinich v Kalinich, 205 AD2d 736).

Prior to the hearing and the judgment of divorce, the parties executed a stipulation, which was filed in the Queens County Clerk's office on July 15, 1993. The stipulation distributed marital assets such as furniture, bonds, bank accounts, and other personal property (see, Domestic Relations Law § 236 [B] [3]; Josephson v Josephson, 121 Misc 2d 572, 573-574). Certain terms of the stipulation were modified by the judgment of divorce and the remaining terms of the stipulation do not appear to be and are not claimed to be unreasonable, unfair, or unconscionable (see, Josephson v Josephson, supra, 121 Misc 2d, at 576). As a result, it was not necessary to include such personal property in the final judgment (see, Josephson v Josephson, supra, 121 Misc 2d, at 573-574). The equitable distribution award was in all respects proper (see, Domestic Relations Law § 236 [B]).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.