■ DONNA OROFINO, Appellant-Respondent, v JOSEPH OROFINO, Respondent-Appellant. [627 NYS2d 460] —Spain, J. Cross appeals from a judgment of the Supreme Court (Torraca, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered February 8, 1994 in Ulster County, upon a decision of the court.

The parties were married on September 18, 1977. After nine years of marriage the parties adopted a daughter born in 1986 and, later, a son born in 1989. Defendant was employed as a securities trader from the date of marriage to January 1989.[1] Prior to 1986 plaintiff worked sporadically as a nurse; after 1986 plaintiff was a full-time parent and homemaker.

Plaintiff commenced this action in June 1992 for divorce against defendant on the sole ground of cruel and inhuman treatment. Plaintiff also sought a judgment granting equitable distribution, exclusive occupancy of the marital residence, maintenance, custody of the minor children, child support and counsel fees. Defendant's answer, which contained general denials, was withdrawn in open court during the nonjury trial at which neither party sought nor was awarded maintenance.

Supreme Court found, that defendant, *inter alia,* had consumed extraordinary amounts of alcohol; was verbally abusive to plaintiff on a biweekly basis; was physically abusive and threw an ashtray at plaintiff causing a laceration to her scalp; threatened to commit arson; and placed the muzzle of a rifle to plaintiff's head and threatened to kill her. Supreme Court granted the divorce on the ground of cruel and inhuman treatment. Plaintiff was granted sole custody of the children with conditional visitation to defendant. Supreme Court also made findings and rendered a judgment on all ancillary relief. Both parties have filed notices of appeal; however, defendant has not pursued his appeal.

Plaintiff does not dispute Supreme Court's determination of separate/marital property, nor the value of any asset. Plaintiff

---

1. Defendant thereafter managed the parties' joint account/stock portfolio on a full-time basis.

does, however, contend that Supreme Court erred by failing to (1) consider marital fault as a factor in equitable distribution, (2) distribute *all* marital assets on a 50%-50% basis, and (3) correctly determine child support.

It is well settled that marital fault shall not be considered a factor in determining equitable distribution "[e]xcept in egregious cases which shock the conscience of the court" *(O'Brien v O'Brien,* 66 NY2d 576, 589; *see, Kellerman v Kellerman,* 187 AD2d 906, 907-908). Although defendant's actions were determined to be the cause of the marital discord, we conclude that they did not rise to the level of that rare occasion where marital fault should be considered *(see, Kellerman v Kellerman, supra; Stevens v Stevens,* 107 AD2d 987, 989).

We further hold that Supreme Court's determination that the single largest marital asset, a joint account/stock portfolio valued at $1,870,750, be distributed 60% to defendant and 40% to plaintiff[2] was reasonable under the circumstances of this case. Supreme Court is vested with discretion and not required to distribute each marital asset on the exact percentage as all other marital assets, nor on an equal or 50%-50% basis *(see, Arvantides v Arvantides,* 64 NY2d 1033; *Ackley v Ackley,* 100 AD2d 153, *lv dismissed* 63 NY2d 605). It is undisputed that defendant was solely responsible for management of the stock portfolio and that plaintiff contributed to the acquisition of the marital property as the primary caretaker of the children and the marital residence. Supreme Court considered plaintiff's contribution to the marital asset together with the other factors mandated by Domestic Relations Law § 236 (B) (5) (d). Although plaintiff's contributions were worthy of consideration, Supreme Court's apportionment of the joint account/stock portfolio was not an abuse of its discretion *(see, Arvantides v Arvantides, supra,* at 1034).

Plaintiff's remaining contention is that Supreme Court erred in the computation of child support. The parties' 1992 joint income tax return showed a joint gross income of $219,604. Of this amount $139,486 was determined to have originated from interest and dividends generated by marital assets, and $79,678 from capital gains generated from the sale of marital securities and notes. Supreme Court correctly computed child support by use of the gross income minus the capital gains ($139,926). While Supreme Court may allocate a portion of nonrecurring income (e.g., capital gains) to the computation determining child support, income on "paper

---

2.  All other marital assets were distributed on a 50%-50% basis.

only", as is the case herein, may properly be excluded *(see, Kremler v Kremler,* 199 AD2d 901, 902).

Supreme Court also correctly followed the provisions of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in which the child support percentage to be applied to the first $80,000 is 25% (Domestic Relations Law § 240 [1-b] [b] [3] [ii]), or a basic child support obligation on the first $80,000 of $20,000 (Domestic Relations Law § 240 [1-b] [c] [2]). Supreme Court then determined that, pursuant to Domestic Relations Law § 240 (1-b) (f), it would apply a reduced percentage of 10% to the remaining combined parental income of $59,926, for an additional child support award of $5,993, representing a total child support obligation of $25,993. The court then determined that defendant was obligated to pay 60% of the child support obligation, or $15,595 per year, representing the income generated from his 60% share of the stock portfolio. Supreme Court considered the financial situation of both parties and determined that the financial resources of plaintiff and the children will be more than sufficient to meet their needs.

Plaintiff's contention that Supreme Court should have provided for medical insurance for the children and required defendant to purchase life insurance for the benefit of the children is without merit. Supreme Court did provide that defendant is obligated to pay 60% of the children's uncovered health expenses; however, Supreme Court is not statutorily required to provide for insurance for the children and, furthermore, plaintiff did not seek such relief at the trial and offered no evidence in connection with such issues.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs to defendant.