ment of Supreme Court, Oneida County, Grow, J.—Penalty.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.

■ TONY's ORNAMENTAL IRON WORKS, INC., Respondent, v NATIONAL BUILDING & RESTORATION CORP., Appellant, et al., Defendants. (Appeal No. 2.) [656 NYS2d 997] —Appeal unanimously dismissed without costs (see, Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Penalty.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.

■ SUE ANN FREEMAN, Respondent, v RICHARD FREEMAN, Appellant. (Appeal No. 1.) [656 NYS2d 997] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in ordering defendant to turn over to plaintiff, on a yearly basis, his tax returns and all other relevant information for the purpose of recalculating his child support obligation based upon the Child Support Standards Act (CSSA). The terms of the parties' stipulation of settlement establish that the parties did not contemplate such an annual review of their financial circumstances (cf., Kremler v Kremler, 199 AD2d 901, 902). Moreover, the CSSA does not provide for the annual modification of a party's child support obligations (see, Domestic Relations Law § 240 [1-b]). We conclude that the court improperly imposed that additional requirement under the guise of contract construction (see, Slatt v Slatt, 64 NY2d 966, 967, rearg denied 65 NY2d 785; Matter of Tillim v Fuks, 221 AD2d 642, 643). (Appeal from Amended Order of Supreme Court, Erie County, Whelan, J.—Support.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.

■ SUE ANN FREEMAN, Respondent, v RICHARD FREEMAN, Appellant. (Appeal No. 2.) [656 NYS2d 998] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Support.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.

■ In the Matter of KENNETH SEGARS, Appellant, v CITY OF BUFFALO et al., Respondents. [654 NYS2d 919] —Judgment unanimously modified on the law and in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: In this CPLR article 78 proceeding, petitioner challenges a determination terminating him from his employment as a police officer pursuant to Public Of-