■ CHARLES GUNN, Appellant, v INGEGERD GUNN, Respondent, and KAREN GROSSMAN, Nonparty Appellant. [660 NYS2d 134] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) a judgment of the Supreme Court, Nassau County (DiNoto, J.), entered February 7, 1995,

which, *inter alia*, after a nonjury trial, dismissed the plaintiff's cause of action for a divorce on the ground of the defendant's constructive abandonment of the plaintiff, (2) an order of the same court (DiNoto, J.), entered February 7, 1995, which, *inter alia*, granted the respondent wife's motion to punish the plaintiff for contempt of court, and (3) an order of the same court dated March 15, 1996, which denied his motion to vacate an order of commitment dated November 8, 1995. Nonparty Karen Grossman appeals from an order of the same court entered June 21, 1996, which denied her motion to quash a subpoena duces tecum served by the respondent wife.

Ordered that the appeal from the order entered June 21, 1996, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the judgment entered February 7, 1995, the order entered February 7, 1995, and the order dated March 15, 1996, are affirmed, without costs or disbursements.

The plaintiff commenced this action for divorce based on constructive abandonment in 1985. A nonjury trial was held in October 1985 which ended in a dismissal of the complaint. On appeal, this Court found that the plaintiff's unrefuted testimony made out a prima facie case on constructive abandonment and remitted the matter for a new trial on that issue (*Gunn v Gunn*, 143 AD2d 393). The new trial was held in May 1992 and resulted in the judgment dismissing the cause of action for divorce on the ground of the defendant's constructive abandonment of the plaintiff. We affirm.

The plaintiff's allegations that the defendant's unjustified, willful, and repeated refusals to have sexual relations with him constituted constructive abandonment (*see*, Domestic Relations Law § 170 [2]) were refuted by the defendant. The contradictions in each party's testimony raised an issue of credibility, resolution of which is best left to the trier of fact, who had the opportunity to observe the parties (*see, Schottenfeld v Schottenfeld*, 152 AD2d 690). The defendant's credibility was bolstered by evidence that belied the plaintiff's assertions. On the other hand, the plaintiff's allegations were based only on his unsupported assertions. We decline to substitute our judgment as to credibility for that of the trial court (*see, Schottenfeld v Schottenfeld, supra*).

The plaintiff contends that his maintenance obligation should be terminated pursuant to Domestic Relations Law § 248 because the defendant was living with another man and holding herself out to be his wife. Notwithstanding the fact that Domestic Relations Law § 248 relates to a final judgment

of divorce, the plaintiff failed to prove that the defendant held herself out to be another man's wife. A showing that the wife and another man are living the lifestyle of a married couple is insufficient (*see, Northrup v Northrup,* 43 NY2d 566, 571-572; *Levy v Levy,* 143 AD2d 975, 977).

The plaintiff's remaining contentions are beyond the scope of the appeals herein, belied by the record, or without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.