■ MARY BERNADETTE GALVIN, Appellant, v WILLIAM N. FRANCIS, Respondent. [799 NYS2d 547]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from stated portions of (1) an order of the Supreme Court, Richmond County (Ponterio, J.), dated May 29, 2003, and (2) an order and judgment (one paper) of the same court entered June 9, 2003, which, after a nonjury trial, inter alia, equitably distributed the parties' marital property and denied her application for counsel fees.

Ordered that the appeal from the order is dismissed as abandoned; and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof awarding the defendant a distributive share of the property known as 1102 Victory Blvd., Staten Island, N.Y., and the accounts known as Bernard Herold & Co., Inc., Account No. 5M7-105023, Bernard Herold & Co., Inc., Account No. 577-141291, Merrill Lynch Account No. 433-51051, Merrill Lynch SEP Account No. 433-51M78, and a Mercedes Benz and substituting therefor a provision denying the defendant a distributive share of those assets; as so modified, the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The trial court correctly found that the defendant husband did not engage in egregious conduct sufficient to affect the equitable distribution award as to the marital home, which was jointly held by the parties (*see Orofino v Orofino,* 215 AD2d 997, 998 [1995]; *Kellerman v Kellerman,* 187 AD2d 906, 907-908 [1992]). However, the trial court erroneously awarded him a distributive share of certain assets titled solely in the plaintiff wife's name. Except for the marital home, the parties kept their finances separate during the course of the marriage. They conducted themselves during the marriage in a manner incon-

sistent with the typical "economic partnership." The husband played an extremely limited role in the marriage and failed to provide any significant financial resources to the marriage. In view of these facts, the trial court erred in awarding the husband a distributive share of certain assets titled solely in the wife's name (*see Naimollah v De Ugarte*, 18 AD3d 268 [2005]; *Miller v Miller*, 4 AD3d 718, 719 [2004]; *Sutka v Sutka*, 299 AD2d 540 [2002]).

The wife's remaining contentions are either without merit or need not be addressed in view of our determination. Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.