■ RAYMOND F. ROBERTSON, Appellant, v PAULA E. ROBERTSON, Respondent. [822 NYS2d 309]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Lebowitz, J.), dated December 9, 2005, which, after a nonjury trial, in effect, granted the defendant's application to dismiss the complaint.

Ordered that on the Court's own motion, the notice of appeal

from the decision dated April 26, 2005, is deemed to be a premature notice of appeal from the order dated December 9, 2005 (*see* CPLR 5520 [c]), the notice of appeal is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [a] [2]; [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff commenced this action for divorce based on constructive abandonment (*see* Domestic Relations Law § 170 [2]). A nonjury trial was held, after which the Supreme Court, in effect, granted the defendant's application to dismiss the complaint. The Supreme Court was correct.

The plaintiff testified that the defendant unjustifiably, willfully, and repeatedly refused to have sexual relations with him for more than one year while they still lived together, which, if credited, would constitute constructive abandonment. However, the plaintiff's testimony was refuted by the defendant's testimony. The contradictions in the testimony raised an issue of credibility, resolution of which is best left to the trier of fact who had the opportunity to observe the parties (*see Gunn v Gunn*, 240 AD2d 704, 705 [1997]; *Schottenfeld v Schottenfeld*, 152 AD2d 690 [1989]). Accordingly, we decline to substitute our judgment as to credibility for that of the trial court (*see Gunn v Gunn, supra*). Miller, J.P., Adams, Skelos and Covello, JJ., concur.