■ WLADYSLAW CZABAN, Respondent, v GRAZYNA CZABAN, Appellant. [844 NYS2d 383]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Nassau County (Friedenberg, J.H.O.), entered May 26, 2006, which, after a nonjury trial, inter alia, awarded the plaintiff a divorce on the ground of abandonment and awarded the defendant only a 50% equitable distributive share of various marital assets.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the wife's contention, the husband made out a prima facie case of divorce on the ground of constructive abandonment by testifying at trial that, beginning at the end of 1998 and continuing through 1999, the wife had unjustifiably refused to engage in sexual relations with him, despite his repeated requests. The statute provides that an action for divorce may be maintained upon proof of an abandonment "for a period of one or more years" (Domestic Relations Law § 170 [2]). It does not require that the abandonment have occurred immediately prior to the commencement of the action (*see Froeb v Froeb*, NYLJ, Aug. 4, 1994, at 24, col 4 [Sup Ct, Suffolk County, Prudenti, J.]).

The wife's contention that the husband's testimony was contradictory with respect to her alleged refusal of his requests raised an issue of credibility, the resolution of which is best left to the trier of fact, who had the opportunity to observe the parties (*see Robertson v Robertson*, 33 AD3d 686, 687 [2006]). We decline to substitute our judgment as to credibility for that of the trial court (*see Tissot v Tissot*, 243 AD2d 462, 464 [1997]; *Gunn v Gunn*, 240 AD2d 704, 705 [1997]; *Caravello v Caravello*, 215 AD2d 428 [1995]; *Kalinich v Kalinich*, 205 AD2d 736 [1994]; *Caso v Caso*, 161 AD2d 683 [1990]; *Schottenfeld v Schottenfeld*, 152 AD2d 690 [1989]; *Raso v Raso*, 129 AD2d 692 [1987]).

The conduct underlying the wife's counterclaim for a divorce did not rise to the level where marital fault should have been considered in determining the equitable distribution of marital assets (*see Orofino v Orofino,* 215 AD2d 997, 998 [1995]; *Collura v Puglisi,* 204 AD2d 589, 590 [1994]; *Kellerman v Kellerman,* 187 AD2d 906, 907-908 [1992]; *Weilert v Weilert,* 167 AD2d 463, 464 [1990]; *Blickstein v Blickstein,* 99 AD2d 287, 292 [1984]; *cf. Brancoveanu v Brancoveanu,* 145 AD2d 395, 398-399 [1988], *cert denied* 502 US 854 [1991]).

The wife's remaining contentions are without merit. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.