■ MARY LEVAKIS, Appellant-Respondent, v VASSILIOS LEVA-KIS, Respondent-Appellant. [902 NYS2d 644]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Cohen, J.), dated October 6, 2008, which, after a hearing, inter alia, in effect, granted the defendant's motion to enforce certain handwritten provisions in the parties' stipulation of settlement, and the defendant cross-appeals, as limited by his brief, from so much of the same order as, upon, in effect, granting his motion, directed that he was entitled only "to one-third of the value of a house valued at $420,000.00 and adjoining the Palace Diner with 60% of the proceeds 'flowing' to Plaintiff."

Ordered that the order is modified, on the law and the facts, (1) by deleting from the third decretal paragraph thereof the words "to one-third of the value of a house valued at $420,000.00

and adjoining the Palace Diner with 60% of the proceeds 'flowing' to Plaintiff," and substituting therefor the words "to receive the 'value' of the 'credit' for the transfer of his one-third ownership interest in the property located at 142-12 60th Avenue, Flushing, New York, consisting of a house and an adjacent 'unimproved' lot' in the sum of $125,166," and (2) by deleting the fourth decretal paragraph thereof directing "that defendant is entitled to one third of the value of an unimproved lot adjacent to the Palace Diner valued at $83,000.00"; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the defendant.

The plaintiff wife commenced this action for a divorce and ancillary relief in 2002. The parties negotiated a stipulation of settlement in court over a period of two days, and signed it in August 2005. The stipulation was incorporated, but not merged, into the judgment of divorce. At issue on this appeal is the interpretation of three handwritten phrases in the stipulation of settlement.

The assets that were to be distributed pursuant to the stipulation included (1) the defendant's one-third ownership interest in 60-05 Main Street Enterprises Corp.; doing business as the Palace Diner, in Queens (hereinafter the Palace Diner), which included his one-third ownership of the commercial real estate where the Palace Diner was located, (2) the jointly owned marital residence, (3) the defendant's one-third ownership interest in a parcel of real property located at 142-12 60th Avenue in Flushing, Queens, which consisted of a house and an adjoining, unimproved lot (hereinafter the 60th Avenue property), located next to the Palace Diner, and (4) the sum of $48,500 held in an escrow account by the defendant's then-attorney.

The stipulation contained a provision stating that the plaintiff was to receive 60% of the sum the defendant was to receive in connection with a pending buyout of his one-third interest in the Palace Diner, and the real property owned by the diner. The stipulation also included three provisions which contained the contested handwritten portions. At issue herein are two provisions directing that (1) the marital residence and (2) the defendant's one-third interest in the 60th Avenue property, respectively, be distributed to the plaintiff, each with a handwritten notation stating: "the value of which shall be credited to [defendant] as equitable distribution," and another provision directing that money in an escrow account was to be distributed to the plaintiff, which contained a handwritten provision stating: "the sum of which shall be credited to [defendant] as equitable distribution."

After the divorce, the defendant deeded the marital residence and his one-third interest in the 60th Avenue property to the plaintiff, in accordance with the stipulation. In November 2007 the defendant moved, by order to show cause, inter alia, to enforce his right to receive a credit for those assets transferred to the plaintiff which were subject to the handwritten provisions, such credit to be applied as an offset against the 60% share of the money he would receive from the Palace Diner buyout that he was to pay the plaintiff. The plaintiff opposed the motion, arguing that the handwritten provisions did not entitle the defendant to be credited for the assets; rather, they merely indicated that the assets were to be considered equitable distribution and not maintenance. In an order dated March 31, 2008, the Supreme Court determined that the handwritten provisions were ambiguous, and directed that a hearing be held to determine the intent of the parties with respect to those provisions. A hearing was held, at which both parties testified.

"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *see Nappy v Nappy*, 40 AD3d 825, 826 [2007]). If the court concludes that the agreement is ambiguous, extrinsic evidence may be used to discern its meaning (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Resolution of the ambiguity is for the trier of fact (*see Nappy v Nappy*, 40 AD3d at 826). Moreover, the resolution of credibility is best left to the trier of fact, who had the opportunity to observe the parties (*see Wasserman v Wasserman*, 66 AD3d 880, 883-884 [2009]; *Czaban v Czaban*, 44 AD3d 894 [2007]).

Here, the Supreme Court properly determined that the provisions at issue entitled the defendant to receive credits for the transfer of the marital residence and the money held in escrow, which credits would be used as an offset against the money due the plaintiff from his share of the proceeds of the buyout. The testimony and appraisals submitted into evidence demonstrated that the marital residence was valued at $480,000, and was encumbered by two mortgages totaling approximately $190,000. The defendant testified credibly that he intended to be credited for 50% of the value of the marital residence and that he was not satisfied with the stipulation the way it was written, and asked for the handwritten phrase to be inserted. Accordingly, the Supreme Court properly directed that he receive a credit in the sum of $140,000, representing 50% of the value of the marital property, to be applied as an offset against the amount he would owe the plaintiff upon the completion of the Palace Diner buyout.

Similarly, the evidence supported the Supreme Court's interpretation of the handwritten phrase "the sum of which shall be credited to [defendant] as equitable distribution" in the provision distributing to the plaintiff the sum of $48,500 held in an escrow account. Accordingly, the Supreme Court properly directed that the defendant receive a credit for this sum as an offset against the amount he would owe the plaintiff upon the completion of the Palace Diner buyout.

The Supreme Court also correctly concluded that the handwritten language in the provision distributing the 60th Avenue property to the plaintiff entitled the defendant to receive a credit for the value of his one-third share in the 60th Avenue property, which he deeded to the plaintiff. The defendant testified credibly that he expected to receive a credit for the value of the asset, and that he had requested the handwritten language because he was not satisfied with the language in the stipulation.

However, the Supreme Court erred in directing that the defendant was entitled to receive a credit for "one-third of the value of a house valued at $420,000.00 and adjoining the Palace Diner with 60% of the proceeds 'flowing' to plaintiff." There was nothing in the record which indicated that the plaintiff was to receive 60% of the "proceeds" "flowing" from the 60th Avenue property. Rather, the defendant was to transfer his one-third interest in the property to the plaintiff, which he did. Therefore, the Supreme Court incorrectly included this language, and we modify the third decretal paragraph accordingly.

Additionally, the Supreme Court erred in calculating the value of the 60th Avenue property. The evidence, including an appraisal, shows that the property was valued at $420,000 for the house, and $85,500 for the adjoining lot, totaling $505,500. However, the property was encumbered by a mortgage in the amount of $130,000. Therefore, the Supreme Court should have directed that the defendant be credited the sum of $125,166 for his one-third interest in the 60th Avenue property. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.