■ Thomas J. Amisson, Respondent-Appellant, v Lina Amisson, Appellant-Respondent. [672 NYS2d 801] —In a matrimonial action in which the parties were divorced by judgment entered

September 16, 1995, the defendant former wife appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered August 1, 1996, as, after a hearing, (1) failed to equitably distribute the value of the plaintiff former husband's professional social work license and practice, (2) reduced the plaintiff's income, for purposes of computing child support, by his maintenance obligation, and (3) failed to award her counsel fees, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The court correctly refused to distribute the value of the plaintiff's professional social work license and practice inasmuch as the defendant failed to "prov[e] the asset's value so as to afford the court a sufficient basis upon which to make a distributive award" (Vainchenker v Vainchenker, 242 AD2d 620). Furthermore, the court, in computing the plaintiff's child support obligation, properly reduced his income by his maintenance obligation (see, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Lastly, we perceive no improvident exercise of discretion in the court's failure to award the defendant counsel fees (see, Domestic Relations Law § 237 [a]; see also, Gallina v Gallina, 162 AD2d 219). Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.