■ HELEN W. SAGARIN, Appellant, v JOSEPH SAGARIN, Respondent. [674 NYS2d 127] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered April 8, 1997, which, *inter alia*, valued Sag Supply Corporation at $291,026, failed to award her an interest in stockholder loans made by the defendant husband to Sag Supply Corporation, and denied her application for an award of counsel and expert fees.

Ordered that the judgment is modified, on the law, by (1) deleting from the fifth decretal paragraph thereof the words "are the separate property of JOSEPH SAGARIN" and substituting therefor the words "are marital property and the plaintiff is awarded $114,616.50, representing one-half of the value of the stockholder loans", and (2) adding to the eighth decretal paragraph thereof, after the words "marital residence", the words "and the stockholder loans ($114,616.50)"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the wife's contention, the Supreme Court did not improvidently exercise its discretion in selecting the date of trial as the valuation date of Sag Supply Corporation. The trial court has discretion and flexibility in selecting the proper date for valuing marital property (*see, Wegman v Wegman*, 123 AD2d 220, 234). Here, adverse economic forces outside of the husband's control caused the decline in the value of the corporation. Further, there was no evidence of dissipation or wasteful conduct on the part of the husband. Accordingly, it cannot be said that the Supreme Court's determination was improper (*see, Siegel v Siegel*, 132 AD2d 247).

The wife's challenge to the court's determination of the value of the corporation is also without merit. At trial, the parties presented conflicting expert testimony on the issue. The credibility of the valuation experts and the appropriate weight to be accorded to their respective testimony were matters to be resolved by the trial court, sitting as the finder of fact (*see, Walasek v Walasek*, 243 AD2d 851; *Wilbur v Wilbur*, 116 AD2d 953). We find no basis in the record to disturb the court's determination.

We agree, however, with the wife's contention that certain loans made by the husband to the corporation, totaling $229,233, should be classified as marital property, inasmuch as the husband failed to demonstrate that the loans were not made with marital funds (*see, Marcus v Marcus*, 135 AD2d 216). Accordingly, we have modified the judgment by adding

one-half the value of the loans, or $114,616.50, to the wife's equitable distribution award.

The denial of the wife's application for an award of counsel and expert fees was not an improvident exercise of discretion in view of the financial circumstances of the parties and the other circumstances of the case (see, Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Malamut v Malamut, 133 AD2d 101, 103-104; Ackerman v Ackerman, 96 AD2d 543).

We have considered the wife's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.