■ SUZANNE COLEMAN, Respondent, v ARTHUR COLEMAN, Appellant. [726 NYS2d 566] —In an action for a divorce and ancillary relief, the defendant appeals (1) from the findings of fact and conclusions of law of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 27, 1999, (2) as limited by his brief, from stated portions of a judgment of the same court, also dated September 27, 1999, which, after a nonjury trial, *inter alia*, granted the plaintiff a divorce on the ground of cruel and inhuman treatment and distributed the marital assets, and (3) from an income deduction order of the same court, also dated September 27, 1999.

Ordered that the appeal from the findings of fact and conclusions of law is dismissed, as findings of fact and conclusions of law are not separately appealable (*see, Matter of County of Westchester v O'Neill,* 191 AD2d 556; *Benedetto v O'Grady,* 10 AD2d 628); and it is further,

Ordered that the appeal from the income deduction order is dismissed, as the order is not appealable as of right because it did not decide a motion made on notice, and leave to appeal has not been granted (*see,* CPLR 5701 [a] [2]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the defendant's contention, the plaintiff demonstrated through her own testimony and that of her therapists that the defendant's behavior so adversely affected her mental well-being that it became improper for her to cohabit with him (*see, Fuegel v Fuegel,* 271 AD2d 404; *French v French,* 262 AD2d 280; *Meltzer v Meltzer,* 255 AD2d 497).

Moreover, an award to the defendant of less than 50% of the marital assets was proper given his economic misconduct (*see, Guneratne v Guneratne,* 214 AD2d 871, 873; *Conceicao v Conceicao,* 203 AD2d 877, 879; *Mattwell v Mattwell,* 194 AD2d 715, 718).

The defendant's remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.