■ RICHARD P. MASSIMI, Respondent, v MELISSA A. MASSIMI, Appellant. [825 NYS2d 262]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Green, J.H.O.), dated March 22, 2005, which, after a nonjury trial, inter alia, equitably distributed the parties' marital property and directed the husband to pay child support in the sum of $500 per week.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting from the first decretal paragraph thereof the words "the sum of $102,000.00 constituting a 40% interest" and substituting therefor the words "the sum of $76,500 constituting a 30% interest," (2) by deleting the second decretal paragraph thereof ("capital contribution"), (3) by deleting from the seventh decretal paragraph thereof ("marital abode") the words "the defendant shall have no claim to the former marital abode" and substituting therefor the words "the defendant shall be entitled to an equitable portion of the value of the marital abode in the sum of $260,000 representing her interest in total house appreciation during the marriage and payments toward the mortgage made with marital income," (4) by deleting from the nineteenth decretal paragraph thereof the words "the plaintiff shall have no obligation to contribute in whole or in part to the private school tuition of the child Alex Massimi" and substituting therefor the words "the plaintiff shall pay his pro rata share of the private school tuition of the child Alex Massimi," (5) by deleting from the forty-first decretal paragraph thereof the words "there is no equitable distribution issue with respect to Powelton Club membership" and substituting therefor the words "the plaintiff shall reimburse the defendant for his pro rata share of the annual family membership dues in the Powelton Club up until the time of trial," and (6) by deleting the sixteenth ("Ryan, Beck & Co."), eighteenth ("CH Energy Group"), twenty-third ("Health Care Property Investors, Inc."), thirty-first ("HMC International, LLC"), thirty-second ("Health Care Property Investors, Inc."), thirty-sixth ("55 Ridge Road property"), thirty-eighth ("loans made to John Pilla"), and fortieth ("cash surrender value of Valley Forge Life Insurance policy") decretal paragraphs thereof and substituting therefor a decretal paragraph providing that "As to the Ryan, Beck & Co. account, CH Energy Group account, Health Care

Property Investors, Inc., account, HMC International, LLC, hedge fund, 55 Ridge Road real property, loans made to John Pilla, and the cash surrender value of the Valley Forge Life Insurance policy, the defendant shall be entitled to an equitable portion of the collective values thereof in the sum of $201,471.54; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (*Judson v Judson*, 255 AD2d 656, 657 [1998]).

The plaintiff commingled certain separate funds with marital funds and assets (*see Hartog v Hartog*, 85 NY2d 36, 49 [1995]; *Lynch v King*, 284 AD2d 309 [2001]), and failed to trace the source of the funds with sufficient particularity to rebut the presumption that they were marital property (*see Bennett v Bennett*, 13 AD3d 1080 [2004]). Consequently, to the extent that the plaintiff applied marital funds to his separately titled property, the defendant is entitled to an equitable distribution of the values thereof (*see Kirshenbaum v Kirshenbaum*, 203 AD2d 534, 535 [1994]; *Sagarin v Sagarin*, 251 AD2d 396, 397 [1998]).

Likewise, the defendant is entitled to recoup her equitable share of the marital funds used to reduce the indebtedness and pay for improvements to the marital abode (*see Alessi v Alessi*, 289 AD2d 782, 783 [2001]; *Zelnik v Zelnik*, 169 AD2d 317, 330 [1991]). She also is entitled to an equitable share of the appreciation in value of the marital residence due to the evidence of indirect nonfinancial contributions to the household (*see Price v Price*, 69 NY2d 8, 11 [1986]). Upon consideration of all relevant factors set forth in Domestic Relations Law § 236 (B) (5) (d) (*see O'Brien v O'Brien*, 66 NY2d 576, 589 [1985]; *Majauskas v Majauskas*, 61 NY2d 481, 493-494 [1984]), the defendant is entitled to an equitable distribution award against the marital abode in the sum of $260,000.

The record supports merely a 30% distributive award to the plaintiff of the value in the jointly held corporation, M & R Energy Resources Corp. (*see Romano v Romano*, 139 AD2d 979 [1987]). Further, the plaintiff's testimony that he objected to the child's attending private school is belied by having toured prospective schools and by having paid one year's tuition, and the plaintiff's finances indicate an ability to afford the costs of the child's private school tuition (*see Valente v Valente*, 114 AD2d 951 [1985]). Finally, the court erred in failing to direct the plaintiff to reimburse the defendant for his pro rata share of

the parties' annual family membership dues in Powelton Country Club up until the time of trial.

The trial court properly determined that the defendant was not entitled to any portion of business assets that include Newburgh Dye & Printing, Inc., Atlas Textile Corporation, All American Textiles Corp., Mass Textiles Services, Inc., and MAT Newburgh Enterprises, Inc. However, the evidence demonstrated that certain other contested assets were commingled with, or funded at least in part by, marital funds. The trial court, therefore, erred in failing to award the defendant an equitable distributive share of such assets (*see Judson v Judson, supra* at 657), namely, the Ryan, Beck & Co. account, CH Energy Group account, Health Care Property Investors, Inc., account, HMC International, LLC, hedge fund, 55 Ridge Road real property, a nonforgiven $40,000 debt owed by John Pilla, and the cash surrender value of the plaintiff's Valley Forge Life Insurance policy. Upon consideration of all factors set forth in Domestic Relations Law § 236 (B) (5) (d) as relevant from the record (*see O'Brien v O'Brien, supra* at 589; *Majauskas v Majauskas, supra* at 493-494), the defendant is entitled to an equitable distributive award of $201,471.54 as to these collective assets. While the defendant would also be entitled to an equitable share of Remy Real Estate Corporation (hereinafter Remy), the record lacks adequate proof as to its value and, hence, no award can be made as to Remy (*see Amisson v Amisson*, 251 AD2d 274 [1998]; *Vainchenker v Vainchenker*, 242 AD2d 620, 621 [1997]; *Burgio v Burgio*, 278 AD2d 767, 769-770 [2000]).

We agree with the trial court's determination of the plaintiff's child support obligation based upon the standard of living the child would have enjoyed had the parties' marriage not dissolved, as specifically noted by the court below, along with our own consideration of the plaintiff's financial resources and the parties' disparate incomes (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]; *Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]).

The defendant's remaining contentions, including but not limited to her arguments regarding the defined benefit plans and the Morgan Stanley Dean Witter accounts, are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.