■ MARLENE LA ROCHELLE, Respondent, v ALIX LA ROCHELLE, Appellant. [845 NYS2d 793]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Kings County (Prus, J.), dated December 8, 2006, as granted the plaintiff's motion for summary judgment determining that the marital residence is her separate property.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment determining that the marital residence is her separate property is denied.

The parties were married in 1970 and purchased a residence in 1977. In 2004 the defendant executed a quitclaim deed conveying his interest in the residence to the plaintiff. After this action for a divorce was commenced in 2005, the plaintiff moved for summary judgment determining that the marital residence is her separate property solely on the basis of that deed. The transfer of title to a marital residence between spouses during the marriage is not determinative of whether the property is separate or marital (*see* Domestic Relations Law § 236 [B] [1] [c]; *Angot v Angot*, 273 AD2d 423 [2000]; *Sorrell v Sorrell*, 233 AD2d 387 [1996]). As a result, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, and her motion for summary judgment should have been denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Schmidt, J.P., Spolzino, Santucci and Dickerson, JJ., concur.