◼ JAY YEHUDA SEMEL, Respondent, v JOYCE LEMPEL, Appellant. [864 NYS2d 115]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Queens County (Fitzmaurice, J.), dated September 26, 2006, as denied that branch of her motion which was for the appointment of a neutral forensic accountant to perform a valuation of the plaintiff's interest in an entity known as Quality Frozen Foods, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing consistent herewith and thereafter for a new determination of that branch of the defendant's motion which was for the appointment of a neutral forensic accountant to perform a valuation of the plaintiff's interest in an entity known as Quality Frozen Foods, Inc.

The parties were married on April 13, 1997. In 2005 the husband commenced the within divorce action. Thereafter the wife moved for the appointment of a neutral forensic accountant to perform a valuation of, inter alia, the husband's various business interests, including a company known as Quality Frozen Foods, Inc. (hereinafter QFF), a closely-held corporation founded, in part, by the husband's father. In support of the motion, the wife furnished copies of the parties' joint tax returns

which stated that the husband received an annual salary and a share of profits from QFF. The wife also submitted copies of QFF's corporate tax returns which indicated that the husband had a 16.67% ownership interest in QFF, as well as copies of a mortgage and insurance applications wherein the husband held himself out as an owner or principal of QFF.

In opposition, the husband denied having any ownership interest in QFF, and in support thereof, he submitted his father's last will and testament (hereinafter the will), which was admitted to probate in 1995. The will provided, inter alia, that the decedent's "entire interest in [QFF] shall be given to the Trustees of the trusts created [hereunder]," and further, that the trustees were to divide trust property into "two (2) equal, separate shares, each of said shares to fund a separate trust, one (1) for [the husband's brother] and one (1) for [the husband]." The trustees were directed to pay the net income to the beneficiaries of the trusts in "convenient installments, but at least semi-annually." The husband also submitted the affidavit of QFF's accountant who attested that he had prepared the parties' joint tax returns since their marriage. The affidavit further stated that "[u]pon the death of [the husband's father] [I was] advised . . . that going forward [the husband and his brother] will be the owners of [the father's] stock . . . [however] hav[ing] only recently been advised of the existence of [the will] . . . [I] now realize that the joint tax returns for [the parties] were incorrectly prepared and filed . . . [the husband and his brother] are not owners of QFF at all, and any tax returns previously filed stating otherwise are wrong."

The Supreme Court denied that branch of the wife's motion which was for the appointment of a neutral forensic accountant to perform a valuation of the husband's interest in QFF, finding that pursuant to the will, the husband's only interest in QFF was as a trust beneficiary and not an owner. With this conclusion, the court, in effect, granted summary judgment to the husband on the issue of whether the wife could make any claim for distribution of the husband's interest in QFF. However, in light of the wife's evidence regarding the husband's interest in QFF, including the husband's previous representations that he was a principal thereof, and considering the lack of a full record in this regard, the matter must be remitted to the Supreme Court, Queens County, for a hearing and thereafter for a new determination of that branch of the wife's motion which was for the appointment of a neutral forensic accountant to perform a valuation of the husband's interest in the company (*see generally French v French*, 288 AD2d 256 [2001]; *see also La Rochelle*

*v La Rochelle,* 44 AD3d 1011 [2007]; *Serdaroglu v Serdaroglu,* 209 AD2d 600 [1994]). The hearing will determine the nature and extent of the husband's interest in QFF, and thus whether such interest is a marital asset or, if not marital, then whether the wife contributed to the appreciation of said property. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.