▪ TSAIYUN ISHIN PHILLIPS, Appellant, v ROBERT MARTIN HARALICK, Respondent. [894 NYS2d 87]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Diamond, J.), entered January 23, 2008, which, upon findings of fact and conclusions of law of the same court dated January 7, 2008, and incorporated by reference into the judgment, and upon a decision of the same court dated May 10, 2007, as amended September 4, 2007, made after a nonjury trial, inter alia, determined that the Bank of New York accounts xxxx3421 and xxxx7495, and the Greenpoint Savings Bank accounts xxxx2890, xxxx7107, and xxxx7271 were separate property of the defendant, awarded the plaintiff the sum of only $3,739.34 from Scudder Medium Term Tax Free Bond Fund/Money Market Fund, representing her 50% share of the marital funds in this account, which belonged to the defendant, awarded the plaintiff the sum of only $6,154.38 from RBC Dain Rauscher IRA, representing her 50% share of the marital funds in this account, which belonged to the defendant, awarded the plaintiff the sum of only $4,050.50 from an RBC Dain Rauscher account representing her 50% share of the marital funds in this account, which belonged to the defendant, directed that the plaintiff's share of escrow funds was to be reduced by the sum of $17,415, representing 45% of the $38,700 which had been released from escrow to the plaintiff for maintenance arrears, and directed the parties' escrow agent to distribute the sum of only $331,929.29 to the plaintiff and the sum of $514,157.45 to the defendant from the net proceeds from the sale of the marital residence.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof determining that the Bank of New York accounts xxxx3421 and xxxx7495, and

Greenpoint Savings Bank accounts xxxx2890, xxxx7107, and xxxx7271 were separate property of the defendant, and substituting therefor a provision determining that the subject accounts are marital property and awarding the plaintiff a credit in the sum of $21,441.12, representing her distributive share of the value of those accounts, (2) by deleting the provision thereof awarding the plaintiff the sum of $3,739.34 from the Scudder Medium Term Tax Free Bond Fund/Money Market Fund containing $7,478.67 in marital funds, (3) by deleting the provision thereof awarding the plaintiff the sum of $6,154.38 from the defendant's RBC Dain Rauscher IRA containing $12,308.75 in marital funds, (4) by deleting the provision thereof awarding the plaintiff the sum of $4,050.50 from the defendant's RBC Dain Rauscher account containing $8,101 in marital funds, (5) by deleting the provision thereof directing that the plaintiff's share of escrow funds was to be reduced by the sum of $17,415, representing 45% of the $38,700 which had been released from escrow to the plaintiff for maintenance arrears, (6) by deleting the provision thereof directing the parties' escrow agent to distribute the sums of $331,929.29 to the plaintiff and $514,157.45 to the defendant from the net proceeds from the sale of the marital residence, and substituting therefor a provision directing the parties' escrow agent to distribute the sums of $349,344.29 to the plaintiff and $496,742.45 to the defendant from the net proceeds from the sale of the marital residence, and (7) by adding thereto a provision directing the plaintiff to prepare a qualified domestic relations order with respect to the amounts to which she is entitled from the defendant's Fidelity Retirement Account and the defendant's TIAA/CREF pension account; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the amounts the plaintiff is entitled to receive from the Scudder Medium Term Tax Free Bond Fund/Money Market Fund, the defendant's RBC Dain Rauscher IRA, and the defendant's RBC Dain Rauscher account, and for the entry thereafter of an appropriate amended judgment.

The defendant former husband correctly concedes that the Supreme Court erred in determining that the subject two Bank of New York accounts and three Greenpoint Savings Bank accounts were his separate property, and that, in fact, the accounts are marital property. The defendant also correctly concedes that he had omitted a contribution in the sum of $2,000 to his RBC Dain Rauscher IRA made in 1998, and that $6,000 invested in his RBC Dain Rauscher (Non-IRA) account constitutes marital property.

In addition, the Supreme Court erred in determining that monthly withdrawals in the sum of $100 from the defendant's checking account invested in the Scudder Medium Term Tax Free Bond Fund/Money Market Fund (hereinafter the Scudder fund), made between 1994 and 2001, were separate property. The defendant failed to overcome the presumption that he commingled separate funds with marital funds with respect to this investment (*see Hartog v Hartog*, 85 NY2d 36, 49 [1995]; *Massimi v Massimi*, 35 AD3d 400, 402 [2006]; *Diaco v Diaco*, 278 AD2d 358, 359 [2000]). Moreover, the defendant conceded at the trial that he omitted the $1,490 he invested in the Scudder fund in 1998. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination regarding the allocation and distribution of the RBC Dain Rauscher IRA, the RBC Dain Rauscher (Non-IRA) account, and the Scudder fund, in which the Supreme Court shall take into account, inter alia, dividends, interest, and fluctuating share prices from the dates of the investments of the funds up to and including the date of the commencement of the action.

The plaintiff failed to prove that she contributed funds for the purpose of partial payment of a home equity loan on the Seattle, Washington, residence in which the parties formerly lived. As "[t]he transfer of title to a marital residence between spouses during the marriage is not determinative of whether the property is separate or marital" (*La Rochelle v La Rochelle*, 44 AD3d 1011 [2007]), the fact that the defendant executed a quitclaim deed conveying his interest in the Seattle home to the plaintiff did not constitute a transfer of 50% of the equity in the Seattle home to the plaintiff, absent proof of consideration. Moreover, the Supreme Court providently exercised its discretion in equitably distributing 55% of the net proceeds from the sale of the marital home in Hewlett, New York, to the defendant, and 45% to the plaintiff (*see Loria v Loria*, 46 AD3d 768, 769-770 [2007]; *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *Corless v Corless*, 18 AD3d 493, 494 [2005]).

The defendant overcame the presumption that separate funds commingled with marital funds constitute marital property with respect to the Fidelity Asset Manager Account, $10,000 invested in Scudder, and $12,000 invested in the RBC Dain Rauscher (Non-IRA) account, by presenting sufficient evidence that the source of the funds was separate property. However, the plaintiff failed to overcome the presumption with respect to her Washington Mutual checking account (*see Hartog v Hartog*, 85 NY2d at 49; *Massimi v Massimi*, 35 AD3d at 402; *Sherman v Sherman*, 304 AD2d 744 [2003]; *Diaco v Diaco*, 278 AD2d at 359; *cf. Wade v Steinfeld*, 15 AD3d 390, 391 [2005]).

The Supreme Court providently exercised its discretion in awarding the plaintiff temporary maintenance (see Signorelli v Signorelli, 50 AD3d 772, 773 [2008]; Dooley v Dooley, 128 AD2d 669, 670 [1987]). However, the Supreme Court incorrectly directed that the plaintiff's share of escrow funds was to be reduced by the sum of $17,415, representing 45% of the $38,700 which had been released from escrow to the plaintiff for maintenance arrears owed by the defendant to the plaintiff. Rather, the Supreme Court should have directed that the sum of $17,415 be added to the plaintiff's share to properly compensate her for the full amount of the maintenance arrears released from the escrow funds before calculating each party's respective share of the escrow balance.

It is undisputed that the Supreme Court failed to include a decretal paragraph in the judgment directing the plaintiff to prepare a qualified domestic relations order with respect to the amounts she is entitled to from the defendant's Fidelity Retirement Account and the defendant's TIAA/CREF pension account. Accordingly, we add such a provision to the judgment.

The plaintiff's contention that she is entitled to a credit for books taken from the marital home by the defendant is without merit, as she failed to present, at the trial, evidence of the value of said books (see Dudla v Dudla, 50 AD3d 1255, 1257 [2008]).

The parties' remaining contentions are either unpreserved for appellate review, improperly raised for the first time on appeal, or without merit. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.