■ Sophia Gafycz, Respondent, v Bohdan Gafycz, Appellant. [48 NYS3d 464]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Orange County (Paul I. Marx, J.), dated June 23, 2014. The judgment, insofar as appealed from, awarded the plaintiff 100% of marital properties located in Chester and Pond Eddy, awarded the plaintiff 25% of properties located in Port Jervis, awarded the plaintiff the sum of $1,000 per month in nondurational spousal support and the sum of $43,800 in child support arrears, directed the defendant to pay the sum of $5,000 to the plaintiff as a fine for his contempt of court, and directed the defendant to pay the plaintiff's counsel fees in the sum of $25,000 in connection with the filing and prosecution of various contempt applications.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"The amount and duration of spousal maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts" (*Carr-Harris v Carr-Harris*, 98 AD3d 548, 551 [2012]). Under the circumstances of this case, the Supreme Court properly determined the amount and duration of maintenance (*see generally Chaudry v Chaudry*, 95 AD3d 1058 [2012]).

Contrary to the defendant's contention, the Supreme Court did not err in imputing income to him in the sum of $85,000 in calculating the amount of child support arrears owed to the plaintiff. In determining a party's child support obligation, a court need not rely on a party's own account of his or her finances. Rather, the court may impute income to a party based on the party's past income, demonstrated earning potential, or based upon money, goods, or services provided by relatives and friends (*see* Family Ct Act § 413 [1] [b] [5] [iv] [D]; *Matter of Genender v Genender*, 51 AD3d 669 [2008]). Here, the Supreme

Court found that the defendant was deliberately evasive about his finances, his income was not, as he claimed, limited to workers' compensation benefits resulting from an on-the-job injury, and he had been secreting assets (*see Matter of Mongelluzzo v Sondgeroth*, 95 AD3d 1332 [2012]; *Matter of Westenberger v Westenberger*, 23 AD3d 571 [2005]). The court's credibility determination is entitled to deference (*see Matter of Ross v Ross*, 90 AD3d 669 [2011]). The record supports the court's determination to impute income to the defendant in the sum of $85,000, and we decline to disturb its determination on the issue of child support arrears.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in awarding the plaintiff 100% of marital properties located in Chester and Pond Eddy. "The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013] [internal quotation marks omitted]). "Equitable distribution does not necessarily mean equal distribution" (*id.* at 504 [internal quotation marks omitted]). The court properly took into consideration its finding that the defendant secreted assets, wilfully failed to comply with court orders, and was deliberately evasive in his testimony in fashioning its equitable distribution award of the marital property (*see Kerley v Kerley*, 131 AD3d 1124, 1126 [2015]; *Coleman v Coleman*, 284 AD2d 426 [2001]).

The defendant's contention that the Supreme Court erred in awarding the plaintiff a 25% interest in properties located in Port Jervis also is without merit. "[P]roperty acquired during the marriage is presumed to be marital property, and the party seeking to establish that a particular item is indeed separate property bears the burden of proof in this regard" (*Mula v Mula*, 131 AD3d 1296, 1299 [2015] [internal quotation marks omitted]). Here, the defendant testified that he and his father purchased the subject properties during the marriage, and the father later deeded his interest in the properties to the defendant. As the court properly found, the defendant failed to establish that he purchased his half-interest in the properties using separate, as opposed to marital, funds. Accordingly, the court providently exercised its discretion in dividing equally between the parties the defendant's half-share in the properties.

The defendant's remaining contentions either are unpreserved for appellate review, refer to matter dehors the record,

or are without merit. Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.