Spencer-Forrest v Forrest (2018 NY Slip Op 01496)





Spencer-Forrest v Forrest


2018 NY Slip Op 01496


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-00836
 (Index No. 202197/12)

[*1]Maureen Spencer-Forrest, respondent-appellant,
v
Charles J. Forrest, appellant-respondent.


Robert A. Ross, Northport, NY, for appellant-respondent.
C. Robinson & Associates, LLC, New York, NY (W. Charles Robinson of counsel), for respondent-appellant.



DECISION & ORDER
Appeal and cross appeal from a judgment of divorce of the Supreme Court, Nassau County (Stacy D. Bennett, J.), entered November 30, 2016. The judgment of divorce, insofar as appealed from, awarded the plaintiff the sum of $30,000 for her interest in the marital residence, failed to provide the defendant with certain credits, and distributed certain property equally between the parties. The judgment of divorce, insofar as cross-appealed from, awarded the plaintiff the sum of only $30,000 for her interest in the marital residence, failed to sanction the defendant for removing certain items from a safe deposit box, and denied the plaintiff an award of maintenance.
ORDERED that the judgment of divorce is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff the sum of $30,000 for her interest in the marital residence, and substituting therefor a provision awarding the plaintiff the sum of $122,500 for her interest in the marital residence; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties were married on March 31, 1984. There were no children of the marriage, but children from each of the parties' prior marriages resided with the parties in the marital residence during the children's respective minorities. Both parties were employed for the majority of the marriage, and the plaintiff provided care for the defendant's children, who were younger and resided in the marital residence longer than her children. The defendant purchased the marital residence prior to the marriage, and transferred the property to himself and the plaintiff as joint tenants in 1989. Other than the marital residence, the parties' assets were held in their respective names. Both parties contributed to the household expenses, although the defendant contributed a larger sum to household expenses and maintenance of the marital residence, and the plaintiff ceased financial contributions in 2006 or 2007, after she retired.
On August 6, 2012, the plaintiff commenced this action for a divorce and ancillary relief. The Supreme Court granted the plaintiff a divorce and held entry of the judgment in abeyance pending determination of the issues of equitable distribution and maintenance. The plaintiff was 68 years old and the defendant was 67 years old at the time of trial. Following trial, the court awarded the plaintiff 20% of the appreciation in the value of the marital residence from 1989 through the date of the commencement of the action and otherwise distributed the marital assets equally, aside from the parties' respective vehicles and personal property in their respective possession. The court declined to award the parties credits sought for assets allegedly secreted or wasted by the other party and denied the plaintiff an award of maintenance. The parties appeal and cross-appeal from stated [*2]portions of the judgment.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in equally distributing the marital assets other than the marital residence, the parties' respective vehicles, and personal property in their respective possession. There is a statutory presumption that all property acquired by either spouse during the marriage, unless clearly separate, is marital property, "regardless of the form in which title is held" (Domestic Relations Law § 236[B][1][c]; see Domestic Relations Law § 236[B][1][d]; Fields v Fields, 15 NY3d 158, 165). The party seeking to overcome the presumption has the burden of proving that the property in dispute is separate property (see Nadasi v Nadel-Nadasi, 153 AD3d 1346; Marshall v Marshall, 91 AD3d 610, 611). Here, there was no written agreement to keep the parties' finances separate (cf. Domestic Relations Law § 236[B][1][d][4]), and the court properly determined that both parties contributed to the marriage as spouse, parent, wage earner, or homemaker, such that equitable distribution of the marital assets held by each party was appropriate (see O'Brien v O'Brien, 66 NY2d 576, 585; cf. Galvin v Francis, 20 AD3d 550, 551). While a small portion of the parties' retirement assets was earned prior to the marriage (see Mesholam v Mesholam, 11 NY3d 24, 29), under the circumstances of this case, the court providently distributed the entirety of the parties' retirement assets. The parties stipulated to the values of the assets without delineating the separate property portion thereof, which, in light of the parties' similar employment and incomes prior to the marriage, would have been roughly equivalent (see Wesche v Wesche, 77 AD3d 921, 923-924).
"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Gafycz v Gafycz, 148 AD3d 679, 680 [internal quotation marks omitted]). "When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible; however, equitable distribution does not necessarily mean equal distribution" (Davis v O'Brien, 79 AD3d 695, 696; see Repetti v Repetti, 147 AD3d 1094, 1098). Here, both parties contributed financially to this 28-year marriage, and the equal distribution of the financial marital assets was a provident exercise of the Supreme Court's discretion (see Scaramucci v Scaramucci, 140 AD3d 848, 850). The assets were properly valued by stipulation (see Wesche v Wesche, 77 AD3d at 923-924).
The Supreme Court providently exercised its discretion in declining to award the defendant credits related to the sale of certain real property in Queens, the plaintiff's liquidation of an annuity, and certain of the plaintiff's expenditures made during the marriage, and providently declined to sanction the defendant for removing certain items from his safe deposit box. The parties each failed to establish that the other party secreted or wastefully dissipated assets (see Domestic Relations Law § 236[B][5][d][12], [14]; cf. Michaelessi v Michaelessi, 59 AD3d 688, 689). There was no showing that the plaintiff's liquidation of her annuity in 2010 or her challenged expenditures were made in contemplation of divorce (cf. Buchsbaum v Buchsbaum, 292 AD2d 553, 554). "The parties' choice of how to spend funds during the course of the marriage should ordinarily be respected. Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 421; see Ferrel v Ferrel, 132 AD3d 1421, 1422; Kessler v Kessler, 118 AD3d 946, 948).
However, the Supreme Court erred in awarding the plaintiff the sum of only $30,000 for her interest in the marital residence, representing 20% of its increase in value between 1989, when title was transferred to the parties jointly, and the commencement of the action. By placing the marital residence in both names, the defendant changed the character of the property to marital property (see Post v Post, 68 AD3d 741, 742; Diaco v Diaco, 278 AD2d 358, 359). The court providently exercised its discretion in awarding the defendant a credit for his contribution of separate property toward the creation of the marital asset (see Coffey v Coffey, 119 AD2d 620, 622). However, given the plaintiff's contributions to the marital residence, financial and otherwise, during the period between the parties' marriage in 1984 and 1989, when title was transferred to both parties, the appreciation of the value of the marital residence during that period constituted marital property (see Miller v Miller, 4 AD3d 718, 720). Accordingly, the court should have utilized the valuation of the marital residence at the time of the marriage, or $105,000, as the sum of the defendant's separate property contribution. Moreover, although the defendant thereafter contributed a larger share of funds towards the maintenance of the residence, in light of the plaintiff's contributions to [*3]the residence, financial and otherwise, an award to her of 50% of the marital portion of the residence was warranted (see Scher v Scher, 91AD3d 842, 845). Accordingly, we modify the judgment to award the plaintiff $122,500 for her interest in the marital residence, representing 50% of its appreciation in value during the marriage.
In light of the age of the parties and the plaintiff's distributive award, the Supreme Court providently exercised its discretion in denying the plaintiff an award of maintenance (see Domestic Relations Law § 236[B][6]; Margolis v Cohen, 115 AD3d 1390).
The parties' remaining contentions are without merit.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court