Palazolo v Palazolo (2021 NY Slip Op 06696)





Palazolo v Palazolo


2021 NY Slip Op 06696


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-11181
 (Index No. 934/11)

[*1]Wilmoth U. Palazolo, respondent,
v
Anthony J. Palazolo, appellant.


Stephen Arfine, Hawthorne, NY, for appellant.
Alysia R. Baker, Goshen, NY (Kristen A. Verrino of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated January 7, 2020. The judgment of divorce, insofar as appealed from, awarded the plaintiff certain shares of stock as her separate property, the sum of $70,000, representing half of the marital funds the defendant used to pay the carrying costs of the marital residence, and a share of the defendant's total monthly pension benefit.
ORDERED that the judgment of divorce is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff 2,541 shares of General Electric Company stock as her separate property, and substituting therefor a provision awarding the plaintiff 1,703 shares of General Electric Company stock as her separate property and awarding each of the parties half of the remaining 838 shares of General Electric Company stock; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on June 22, 1991. The plaintiff commenced this action for a divorce and ancillary relief on February 4, 2011. Following a nonjury trial, the Supreme Court, among other things, awarded the plaintiff certain shares of stock with a purchase date of either August 17, 2001, or August 6, 2002, as her separate property, the sum of $70,000, representing half of the marital funds the defendant used to pay the carrying costs of the marital residence, and a share of the defendant's pension benefit based on the total monthly pension benefit, despite the fact that a portion of the benefit is paid out to the defendant's former wife pursuant to a qualified domestic relations order. A judgment of divorce was thereafter issued. The defendant appeals.
There is a statutory presumption that all property acquired by either spouse during the marriage, unless clearly separate, is marital property, regardless of the form in which title is held (see Domestic Relations Law § 236[B][1][c], [d]; Fields v Fields, 15 NY3d 158, 165). The party seeking to overcome the presumption has the burden of proving that the property in dispute is separate property (see Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1349; Marshall v Marshall, 91 AD3d 610, 611).
The proceeds of an inheritance are separate property (see Domestic Relations Law [*2]§ 236[B][1][d][1]; Sinnott v Sinnott, 194 AD3d 868, 871). "However, where separate property has been commingled with marital property, for example in a joint bank account, there is a presumption that the commingled funds constitute marital property" (Sinnott v Sinnott, 194 AD3d at 871; see Candea v Candea, 173 AD3d 663, 666; Maddaloni v Maddaloni, 142 AD3d 646, 652). A party may overcome the presumption "by presenting sufficient evidence that the source of the funds was separate property" (Phillips v Haralick, 70 AD3d 663, 665; see Nadasi v Nadel-Nadasi, 153 AD3d at 1349; Scher v Scher, 91 AD3d 842, 846; Masella v Masella, 67 AD3d 749, 750; Massimi v Massimi, 35 AD3d 400, 402). Here, although the shares of stock the plaintiff inherited from her mother were placed in an investment account which also contained marital assets, the plaintiff sufficiently traced the source of the majority of those shares which listed a purchase date of either August 17, 2001, or August 6, 2002, to her inheritance, so as to rebut the presumption that those shares were marital property (see Nadasi v Nadel-Nadasi, 153 AD3d at 1349). The use of interest and dividends accrued on those shares for marital purposes did not transmute the shares themselves into marital property (see Giannuzzi v Kearney, 160 AD3d 1079, 1080-1081; Chernoff v Chernoff, 31 AD3d 900, 903; Feldman v Feldman, 194 AD2d 207, 215-216).
However, the evidence revealed a discrepancy in the investment account statements with regard to certain shares of General Electric Company (hereinafter GE) stock, which listed an August 17, 2001, purchase date, but could not have been part of the plaintiff's inheritance. It is undisputed that the parties were gifted 870 shares of GE stock from the plaintiff's mother prior to her death. A subsequent sale of 573 shares of GE stock could not have included all of the gifted shares, so that some of the gifted shares remained in the parties' account. Further, the number of shares of GE stock awarded to the plaintiff by the Supreme Court (outside of shares purchased through dividend reinvestment) exceeded the 1,703 shares inherited by the plaintiff. Due to this discrepancy, the plaintiff met her burden of tracing only 1,703 shares of GE stock to her inheritance (see Nadasi v Nadel-Nadasi, 153 AD3d at 1349). Accordingly, the court should have awarded the plaintiff only 1,703 shares of GE stock as her separate property, and should have divided the remaining 838 shares of GE stock equally between the parties.
"[G]enerally, it is the responsibility of both parties to maintain the marital residence . . . during the pendency of a matrimonial action" (Goldman v Goldman, 131 AD3d 1107, 1108 [internal quotation marks omitted]; see Hymowitz v Hymowitz, 119 AD3d 736, 741). Here, the defendant had exclusive occupancy of the marital residence throughout the proceedings, and he used marital funds to pay the carrying costs of the marital residence, including taxes, insurance, common charges, and utilities. However, pursuant to an agreement, the parties had each received identical sums from their joint account to cover their household expenses during the proceedings. The defendant's expenditures for the carrying costs of the marital residence were in addition to the funds he had already received pursuant to that agreement. Under these circumstances, the Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $70,000, representing half of the marital funds the defendant used to pay the carrying costs of the marital residence (see generally Kotsakis v Kotsakis, 169 AD3d 1023, 1023; see also Rech v Rech, 122 AD3d 1286, 1287). The plaintiff sufficiently proved the sums expended by the defendant, and the court's determination was not inconsistent with its ruling concerning the post-trial carrying costs of the marital residence.
The Supreme Court properly awarded the plaintiff half of the defendant's New York State Teacher's Retirement System pension benefits which were earned during the marriage prior to commencement of this action (see Mesholam v Mesholam, 11 NY3d 24, 29; Majauskas v Majauskas, 61 NY2d 481, 490-492). The fact that the defendant's former wife receives a portion of the defendant's pension benefit, pursuant to a qualified domestic relations order entered in connection with his prior divorce, does not diminish the marital portion of the defendant's pension benefit, or the plaintiff's entitlement to a share of the benefits earned during the marriage (see Majauskas v Majauskas, 61 NY2d at 490-492).
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court