Allmen v Kimmel (2025 NY Slip Op 05759)

Allmen v Kimmel

2025 NY Slip Op 05759

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 305326/18|Appeal No. 5004-5005-5006|Case No. 2024-04536, 2024-04541, 2024-05289|

[*1]Tara Allmen, Plaintiff-Appellant,
v
Lawrence Kimmel, Defendant-Respondent. 

Buchanan Ingersoll & Rooney PC, New York (Stuart P. Slotnick of counsel), for appellant.
Green Kaminer Min & Rockmore LLP, New York (Maggie Kaminer of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.) entered October 4, 2023, which, to the extent appealed from as limited by the briefs, granted defendant husband's motion for an alternating access schedule to the parties' summer residence (the Property), and denied plaintiff wife's motion to enforce the parties' September 17, 2019 So-Ordered Stipulation (2019 Stipulation) to equally share carrying costs for the Property, to hold defendant in contempt for his failure to pay his 50% share of these carrying costs, and for attorneys' fees, unanimously modified, on the law, insofar as it declined to enforce the parties' 2019 Stipulation concerning their equally sharing carrying costs for the Property, and remanding the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Order, same court and Justice, entered May 28, 2024, which, to the extent appealed from as limited by the briefs, in effect, granted plaintiff's motion for leave to reargue her opposition to defendant's motion for alternate access to the Property and her motion to enforce the 2019 Stipulation, and, upon reargument, adhered to its prior determination, unanimously modified, on the law, insofar as it adhered to the October 24, 2023 order declining to enforce the parties' 2019 Stipulation concerning their equally sharing carrying costs for the Property, and remanding the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about August 6, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion seeking to hold defendant in contempt for his failure to pay 50% share of certain carrying costs for the Property, to enforce the parties' 2019 Stipulation by directing the husband to pay 50% of the expenses associated with the Property, and for attorneys' fees, unanimously modified, on the law, insofar as it declined to enforce the parties' 2019 Stipulation concerning their equally sharing carrying costs for the Property, and remanding the matter for further proceedings consistent with this decision, and otherwise affirmed, without costs.
Supreme Court providently declined to hold defendant husband and plaintiff wife in civil or criminal contempt in connection with the parties' respective use and enjoyment of the Property and payment of the alleged carrying charges, pursuant to their 2019 Stipulation (see Judiciary Law §§ 753 and 750). The 2019 Stipulation provided that "both parties shall be equally responsible for the carrying costs for the [P]roperty consistent with past practices as to how each property was maintained. During this time there will be no property improvements or household items purchased for more than $250 without joint decision." Plaintiff wife failed to establish by clear and convincing evidence that defendant violated the 2019 Stipulation when he failed to remit 50% of the charges alleged to be due as at least a portion of these expenses appeared to exceed the $250 limit imposed under the 2019 Stipulation, nor was there evidence to establish that the alleged expenses were consistent with past practices (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). For similar reasons, defendant husband's motion to hold plaintiff in civil contempt was based on conclusory and unsupported evidence. The record showed that each party failed to comply with orders from the trial court, and their respective requests to adjudge each other in contempt were properly denied. Similarly, the court properly found that the record did not support a finding of criminal contempt because a finding of contempt would not vindicate an offense against public justice or protect the dignity of the judicial system (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]).
Although the record below did not support a finding of civil or criminal contempt against either party, the motion court erred in declining to enforce the carrying costs provision in the 2019 Stipulation. Plaintiff moved for an order directing defendant to pay 50% of the carrying costs for the Property pursuant to the 2019 Stipulation, and defendant acknowledged that he had not paid his share of these carrying charges. In support of plaintiff's motion, she submitted spreadsheets and invoices detailing her expenditures. The motion court found that it could not determine which of the costs qualified as property improvements exceeding the $250 limit requiring the parties' joint approval, as opposed to carrying costs, which do not require joint approval.
The motion court's decision to decline to enforce the carrying costs provision of the 2019 Stipulation was misplaced. Plaintiff submitted detailed evidence, including spreadsheets and invoices, itemizing the carrying costs she paid on the Property to date. Many of the items listed, i.e., taxes, insurance, water and electric bills, qualify as carrying costs contemplated by the September 2019 Stipulation (see Palazolo v Palazolo, 200 AD3d 700, 702 [2d Dept 2021]). The motion court should have conducted a more detailed review of the evidence submitted by plaintiff to determine which expenses should be reimbursed by defendant. Accordingly, this Court remands the matter to Supreme Court for further proceedings to determine the appropriate carrying costs that defendant should have paid pursuant to the 2019 Stipulation, for the time he had access.
In granting weekly alternating access to the Property until such time as equitable distribution is determined, the court did not improperly grant defendant exclusive use and occupancy of the Property (cf. Fox v Fox, 290 AD2d 749, 751 [3d Dept 2022]). Nor did the court err in declining to award attorney's fees as plaintiff did not prevail on her contempt motions (see Matter of Gonnard v Guido, 141 AD3d 649, 650 [2d Dept 2016]).
Finally, plaintiff's argument that the court sua sponte improperly relied on the theory of constructive eviction in excusing defendant of his obligations to pay alleged carrying costs for the Property is unsupported, as nowhere in the record does the court reach a determination of constructive eviction.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025